HELEN HARTMAN, AN INFANT. WHO SUES, &c., APPELLANT, v. UNEXCELLED MANUFACTURING COMPANY ET AL., RESPONDENTS.

Submitted July 7, 1919—Decided November 17, 1919.

1. In cases where section 2 of the Workmen's Compensation act applies to injury sustained by a minor employe, there can be no recovery by a parent for loss of wages of such employe, either at common law or under the provisions of the act.

2. For purposes of the applicability of section 2 it is immaterial whether the contract of employment was made by the minor directly, or by the parent directly, or by the minor as agent of the parent.

On appeal from the Supreme Court.

For the appellant, *Charles E. S. Simpson.*

For the respondents, *Isidor Kalisch.*

The opinion of the court was delivered by

PARKER, J. The plaintiff below, an infant of eighteen years of age, was employed by the defendants, or one of them, as a worker in a fireworks factory, and was injured while so working by an explosion in the factory. She brought suit for damages at common law, alleging negligence, and her complaint was struck out and judgment final entered for defendants on the fundamental ground that as the accident was one arising out of and in the course of her employment, and there had been no notice or agreement to bring the employment under section 1 of the Workmen's Compensation act, her sole remedy was for compensation under section 2 of the act. This action of the court below is the gravamen of the appeal.

The case in its general features is substantially identical with *Young v. Sterling Leather Works,* 91 N. J. L. 289, and but for the serious attempt made by counsel to avoid the effect of the decision in that case by a different line of argument, it would be useless to extend the present opinion.

The steps in the argument now made seem to be these:

1. At common law the parent could hire out the minor child and take his wages.

2. Such contract could be made through the child as the parent's agent.

3. The Compensation act created such an agency by operation of law whenever the infant sought and secured employment.

4. At common law, if, in such a situation the child were injured by the master's negligence, two causes of action would

arise, one by the parent for expenses and loss of wages until the child's majority; the other by the child for damages on account of physical injury, &c., and prospective loss of wages after majority.

5. To bar this second action by application of the Compensation act would, in many cases, and perhaps in the present case, leave the infant practically remediless because the compensation payments might run out before majority, the parent would get those accruing before majority, leaving the injured child with a disfigured body and impaired health and without any damages for the wrong done.

We need not stop to discuss proposition 3 above, but proceed directly to No. 5.

The answer to this argument *ab inconvenienti* is that it is not true; for, so far as concerns loss of wages, at least, it is the parent who loses the common law right of recovery and not the child; or, to put it more accurately, the weekly compensation based on wages is intended as compensation to the injured employe and his dependents for all elements of damages. The act provides for no suit by a parent for compensation *per quod;* and we held at the last term that the parent could not recover at common law. *Buonfiglio* v. *R. Neumann & Co.,* 93 *N. J. L.* 174. The result is, that the parent is barred entirely of recovery *per quod,* unless he or she takes the statutory method of rejecting the elective compensation scheme, or receives notice from the employer, as in *Brost* v. *Whitall-Talum Co.,* 89 *Id.* 531, a suit at common law by the employe. Whether or not the contract of employment is made, or contemplated by the statute as made, by the infant herself, or as agent for the parent, or directly by the parent, is quite immaterial. If there is a valid employment of an infant over fourteen years (see *Hetzel* v. *Wasson Piston Ring Co., Id.* 201), and no agreement or notice to make section 2 inoperative, then in case of injury the whole theory of the act is that the compensation shall be paid to, and sued for by, the employe, or dependents, or beneficiaries. These are the words of the statute itself. Nowhere therein is a parent, *quâ parent,* recognized as entitled to any of the prescribed compensation.

Such being the case, the alleged injustice of confining the infant employe to recovery under the act disappears.

The balancing of considerations, touching amount of compensation, on the one hand, and the right to it without regard to questions of negligence, on the other, is a legislative matter several times alluded to by us and needs no further discussion here.

The judgment will be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, White, Heppenheimer, Williams, Taylor, Gardner, Ackerson, JJ. 14.

*For reversal*—None.