JOSEPH L. DIAS, PLAINTIFF-RESPONDENT, v. NEW JERSEY MANUFACTURERS CASUALTY INSURANCE COMPANY, DEFENDANT-APPELLANT.

Submitted October term, 1925—Decided January 28th, 1926.

Workmen's Compensation—Defendant, Employer's Insurer, Sent Employer's Injured Employe to Plaintiff for Treatment—Is Plaintiff Bound by Workmen's Compensation Act?—Held, That Only Persons Bound by That Act are the Parties to Statutory Contract, That is the Employer and Employe—Judgment Against Defendant Insurer Affirmed.

On appeal.

Before Justices PARKER, MINTURN and BLACK.

For the appellant, *Kellogg & Chance.*

For the respondent, *Walter C. Ellis.*

PER CURIAM.

This is an appeal from a judgment of $214 rendered in the East Orange District Court by the judge without a jury. There is no contest as to the amount of the judgment. The suit was to recover for the services rendered by a licensed physician—an eye specialist. The testimony shows that the defendant, the New Jersey Manufacturers Casualty Insurance Company, requested the plaintiff to treat a man by the name of Fred Lauer. The defendant sent a note up with the man stating that the man required treatment and asked him to treat him.

The testimony further shows that Fred Lauer was an employe of Kraeuter & Company, and that Kraeuter & Company was insured by the defendant company.

The only point involved in the case is whether the plaintiff is bound by the Workmen's Compensation act (*Pamph.*

*L.* 1922, *r.* 500, § 11, *subdiv.* 14), and the case of *Moore* v. *Derees,* 97 *N. J. L.* 378. But in that case (at *p.* 382) Mr. Justice Swayze, speaking for this court, said: "The parties are bound by all the terms of the statute, and only parties to the statutory contract are bound by its terms or entitled to its benefits. An examination of the statutes demonstrates that only the employer and the employe are parties to the statutory contract. The act of 1911 implies a contract only as between employer and employe, and makes provision quite inapplicable to third parties." That case does not aid the defendant, it is an authority for affirming the judgment.

The judgment of the East Orange District Court is affirmed, with costs.