UNITED DINING CAR COMPANY, RELATOR, v. VICTOR
KING, MAYOR, ETC., ET AL., RESPONDENTS.

Submitted January 28, 1927—Decided March 10, 1927.

Municipalities—Restaurant Permits—Lunch Wagon—Whether
Relator Had a Permanent Building in Doubt, and Held That
Court Should Not Act by Way of Mandamus in a Doubtful
Case.

On rule to show cause in *mandamus*.

Before Justices PARKER, BLACK and CAMPBELL.

For the relator, *Joseph H. Carr*.

For the respondents, *Howard L. Miller*.

PER CURIAM.

The facts relevant to this case are fully stated in our
opinion in United Dining Car Co. *v*. Camden, at the present
term. Relator having applied for a permit to conduct a
restaurant in the lunch wagon described in the other case,
at the locality stated, and such permit being refused, applies
for a *mandamus* to compel the issuance thereof.

In view of our decision in the cited case, it seems plain
that we should not order a permit at this time. Apart from
other reasons, a sufficient one seems to be that as matters
stand, the relator has no lawful building in which to conduct
the business sought to be licensed; at the best, its lawful-
ness is most doubtful, and it would seem from so much of
the city ordinance as is laid before us that the building de-
partment may compel its removal or demolition. Without
definitely deciding this point, it is enough to say that the
status of prosecutor in this aspect being seriously in ques-
tion, the court should not act by way of *mandamus* in a
doubtful case—an elementary rule—nor where it would create
disorder or confusion. *McCormick* v. *New Brunswick*, 89
*N. J. L.* 117; *English* v. *Asbury Park*, 115 *Atl. Rep.* 64.

The rule to show cause will be discharged, with costs.