PERTH AMBOY DISTRICT COURT.

GEORGE W. TYRRELL, PLAINTIFF, v. STANDARD UNDER-
GROUND CABLE COMPANY, DEFENDANT.

Decided June 4, 1932.

For the plaintiff, *David T. Wilentz.*

For the defendant, *John C. Stockel.*

GOLDBERGER, J.   The summons in this case was issued in
1927 by the plaintiff, who is a physician in the city of Perth
Amboy, to recover the sum of $184 which represents his bill
for services rendered to one James Kozak, an employe of the
defendant corporation.

The facts as I remember them are that in May, 1927,
Kozak was injured in an accident during the course of his
employment, and he was removed to the Perth Amboy City
Hospital in an unconscious condition.   Dr. Tyrrell, a member
of the staff, was present at the time.   A hurried examination
of the patient caused the plaintiff to get in touch with the
defendant corporation through its superintendent, Mr. Haw-
ley, and the plaintiff advised Mr. Hawley that the patient
was in a very bad way, and would require an unusual amount
of care, including special nurses, in order to bring about a
recovery.   The plaintiff was requested by Mr. Hawley to give
all the attention necessary to bring about the recovery of the
patient, who had been injured by reason of his clothes having
come in contact with a rapidly revolving shaft, which shaft
caused his clothes to strangle him for several minutes before
the machine could be stopped.   The patient had hemorrhages
of the brain and odema of both lungs, and a part of his flesh
was torn away from his body.

The defendant corporation resists payment on two grounds, (1) that the agreement should have been in writing, and (2) that the plaintiff comes within the provisions of the Workmen's Compensation act.

The defendant relies mainly upon the case of *Moore* v. *Derees,* 97 *N. J. L.* 378; 117 *Atl. Rep.* 480. I do not agree with such contention because in that case the services were rendered by the physician to the employe, at the request of the employe; but in this case, the evidence is that the physician acted at the request of the defendant corporation through its superintendent, who was the manager in charge of the plant at the time of the accident, and as such, would have a right to bind the company.

The compensation statute is only binding upon the parties to the statutory contract, and they and they only are entitled to its benefits and are bound by its terms. The plaintiff is not bound by the Compensation act. *Dias* v. *New Jersey Manufacturing Co.,* 4 *N. J. Mis. R.* 102; 132 *Atl. Rep.* 101; *Rosecrans* v. *Reiner,* 4 *N. J. Mis. R.* 769.

There will be a judgment for the plaintiff in the sum of $184 and interest from July 3d, 1927, in the sum of $54.30.