BENJAMIN DI ORIO, RELATOR, v. CITY CLERK OF AT-
LANTIC CITY ET AL., RESPONDENTS.

Argued October 19, 1932—Decided October 28, 1932.

Before Justices PARKER and LLOYD.

For the relator, *Samuel Morris.*

For the respondents, *Joseph B. Perskie.*

PER CURIAM.

We conclude that the rule to show cause should be dis-
charged, and a writ of *mandamus* refused.

The application is directed to requiring the city clerk to
place on the official ballot at the next general election, and to
requiring the city commissioners to direct him to do so, two
referendum questions for submission to the voters, and which
relator denies had been endorsed by petitioners bearing the
required number of signatures specified in the statute or
statutes in that regard. The questions are as follows:

"Shall the city of Atlantic City acquire a plant for the pur-
pose of manufacturing, generating, accumulating, storing,
transmitting and distributing gas for supplying light, heat
and power for the city's own public purposes and for the pur-
pose of selling and supplying the same to the inhabitants of
Atlantic City? and

"Shall the city of Atlantic City acquire a plant for the purpose of manufacturing, generating, accumulating, storing, transmitting and distributing electricity for supplying light, heat and power for the city's own public purposes and for the purpose of selling and supplying the same to the inhabitants of Atlantic City?"

Several questions have been argued, as for example, whether the petitions contained the required number of genuine signatures, whether the city clerk was by law enttiled to examine into that matter, whether the commissioners themselves were so entitled, whether the statutes are constitutional, and so on.

We find it needless to deal with such questions as these, because, assuming for present purposes that the statutory requirements with regard to procedure have been met, and the legislation is impregnable to constitution attack, we are clearly of opinion that the two questions are so vague and general in character that it would be impossible for any voter to measure with any approximation whatever the consequences of a majority vote for adoption of them. No mention is made of any particular plant to be acquired, within or without the city: no mention is made of any money limit involved in this general requirement that some gas (or electric) plant be acquired. Consequently, a voter would be voting in the dark both as to what utility plant is to be "acquired" or what it will cost to do it: and the city authorities would be equally in the dark as to just what they are directed to do. It is settled in this court that *mandamus* will not be awarded when such action will create disorder or confusion. *McCormick* v. *New Brunswick,* 89 *N. J. L.* 117; 97 *Atl. Rep.* 777; *English* v. *Asbury Park,* 115 *Id.* 64; *United Dining Car Co.* v. *Camden,* 5 *N. J. Mis. R.* 361; 136 *Atl. Rep.* 601; *Maxim Motor Co.* v. *Palisades Park,* 7 *N. J. Mis. R.* 186; 144 *Atl. Rep.* 818.

It may be proper to add that *mandamus* is not awarded in a doubtful case, and that the other phases of this case are by no means free from doubt.

We deem our conclusion fortified from a practical standpoint by the obvious consideration that it would clearly be

disastrous to a municipality, which, like most others, is in urgent need of funds for running expenses and appears to be at or above its debt limit, to compel municipal acquisition and operation of utility plants which from all human experience are usually conducted more efficiently and economically by private owners.

The rule to show cause is discharged, with costs.