PASSAIC DISTRICT COURT.

WILLIAM M. SULLIVAN, PLAINTIFF, v. ALLWOOD LUMBER
COMPANY, A CORPORATION, DEFENDANT.

Decided February 23, 1935.

For the plaintiff, *Sullivan & Sullivan.*

For the defendant, *Walter X. Trumbull.*

PERRETTI, D. C. J. The plaintiff is a physician. Some time in January, 1934, one MacDavitt was injured in the course of his employment with the defendant. Mr. Franke, president of the defendant company, directed MacDavitt to go see the plaintiff. Mr. Franke, then called the plaintiff on the telephone, and in his testimony said:

"I told him I was sending him down and I also told him that I carried insurance in the Lumbermen's Mutual Casualty Company, and he took care of him from then on; I asked him to take care of the case because I was sending him there, but outside of that I can't say exactly what I said to him."

The physician continued to treat the injured and the patient developed a very serious infection of the hand. During the course of treatment the plaintiff communicated with the Newark office of the Lumbermen's Mutual Casualty Company, and discussed the case with the claims' manager. He concluded his services and submitted a bill of $539. The suit was brought on a book account alleging that the defendant corporation was liable for the payment of the same, the plaintiff having waived the excess over the court's jurisdiction.

The defendant corporation resists payment and contends: (1) There was no intent to enter into a contract on the part of the defendant corporation; (2) if there was an agreement, it was a promise to pay the debt of another and, therefore, barred under our statute of frauds; (3) the case should have been instituted under the Workmen's Compensation act.

Regarding defendant's first contention it is to be conceded that there is no testimony on the part of either the plaintiff or the defendant that a specific and definite agreement was made on the part of the one to render the medical services and on the part of the other to pay for the same. The plaintiff relies, mainly, upon the statement made by Mr. Franke and as given above. It is to that statement that reference is to be had. There is no doubt in my mind that when Mr. Franke called the plaintiff, he did so with the specific purpose in mind of engaging him to render medical services to Mac-Davitt. It is likewise certain that he did not intend that MacDavitt was to pay for those services. His reference to his insurance carrier was more to give assurance to the plaintiff that his bill would be paid rather than to negative any intent to bind the defendant company. No other conclusions can be reached from the facts than that the defendant company intended to engage the services of the plaintiff and to pay therefor. In this respect I find that there arose a contract between the plaintiff and the defendant.

As to point 2 the plaintiff relies upon the case of *Moore* v. *Derees, 97 N. J. L.* 378; 117 *Atl. Rep.* 480. That case is cited in *Tyrrell* v. *Standard Underground Cable Co.,* 10 *N. J. Mis. R.* 807; 160 *Atl. Rep.* 763, wherein the court said:

"I do not agree with such contention [that the agreement should have been in writing] because in that case the services were rendered by the physician to the employe, at the request of the employe; but, in this case, the evidence is that the physician acted at the request of the defendant corporation through its superintendent, who was the manager in charge of the plant at the time of the accident, and, as such, would have a right to bind the company."

In the present case it is undisputed that Mr. Franke, president of the defendant corporation, directed MacDavitt to the plaintiff and then called him on the telephone. There is no dispute that he could not bind the defendant corporation, and accordingly I conclude that the second contention of the defendant is unfounded and without merit.

As to point 3, it seems well settled by the law in this state that the compensation statute is binding only upon the parties to the statutory contract and that they, and they alone are entitled to its benefits and are bound by its terms. The plaintiff in this case is not a party to said contract, therefore not bound by said act. *Dias* v. *New Jersey Manufacturers' Co.,* 4 *N. J. Mis. R.* 102; 132 *Atl. Rep.* 101; *Rosecrans* v. *Robert Reiner, Inc.,* 4 *N. J. Mis. R.* 769; *Tyrrell* v. *Standard Underground Cable Co.,* 10 *N. J. Mis. R.* 807; 160 *Atl. Rep.* 763.

There will be a judgment for the plaintiff in the sum of five hundred ($500) dollars, together with costs.