THE COUNTY OF BURLINGTON AND FRANK A. SNOVER, COUNTY TREASURER, RELATORS-APPELLANTS, v. J. H. THAYER MARTIN, STATE TAX COMMISSIONER, ET AL., RESPONDENTS.

Argued May 25, 1942—Decided September 18, 1942.

For the appellants, *Arthur T. Vanderbilt* (*Harold T. Parker*, on the brief).

For the respondents, *William A. Moore.*

The opinion of the court was delivered by

PARKER, J. The facts are adequately stated in the opinion of the Supreme Court, *ubi supra;* and the meritorious question posed and answered by that court is whether by virtue of the statute of 1931 cited in the opinion below, the County of Burlington was entitled to five per cent. not only of the principal amount of the succession tax involved (which it received in July, 1936) but also to five per cent. of the interest thereon collected by way of penalty. The Supreme Court decided that question in the negative, and appellants seek a reversal of that decision.

We conclude that the judgment under review should be affirmed. On the general merits, and particularly the construction of the statute involved, the arguments for the appellants, while forceful, are not convincing. But we consider that the meaning of the act should be regarded as settled by practical construction over a course of many years. The statute was first enacted in 1909, revised slightly in 1931, and carried into the Revision of 1937. It is not suggested

that at any time during the passage of over thirty years, was any such payment made, or claim therefor submitted for judicial determination, as that now claimed. On the contrary, the settled practice has been to withhold any percentage of interest or penalty in these cases; and in such a situation, courts are disposed to accept the contemporaneous construction of a statute whose meaning is doubtful. *State* v. *Kelsey,* 44 *N. J. L.* 1; *Commonwealth Roofing Co.* v. *Riccio,* 81 *N. J. Eq.* 486. Moreover, the delay of nearly four years in asserting the claim, while not necessarily determinative, is particularly relevant in regard to a ground of decision not stated by the Supreme Court, but which in our opinion suffices in itself to support an affirmance of the judgment below, namely, that the prerogative writ of *mandamus* (a discretionary writ) will ordinarily not be awarded when such award will create disorder or confusion. *McCormick* v. *New Brunswick,* 89 *N. J. L.* 117, followed in *English* v. *Asbury Park,* 115 *Atl. Rep.* 64; *United Dining Car Co.* v. *King,* 5 *N. J. Mis. R.* 361; 136 *Atl. Rep.* 601, and several other cases in the Supreme Court. In a situation where twenty-one different counties are conceivably involved with respect to other estates, and over a long period (and counsel for one of them has in fact filed a brief herein as *amicus curiæ*) the probable number of claims and litigation thereon, were a peremptory writ ordered in this case, needs no effort of the imagination. On the authority of the line of cases typified by *State* v. *Kelsey, supra,* we concur in the construction by the Supreme Court of the statute under consideration; and in addition conclude that under the rule in *McCormick* v. *New Brunswick, supra, mandamus* should not go.

The judgment under review is therefore affirmed, with costs.

*For affirmance*—THE CHANCELLOR, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, COLIE, DEAR, RAFFERTY, HAGUE, THOMPSON, JJ. 12.

*For reversal*—None.