14 N.J. Super. 607 (1951)
82 A.2d 659
JOHN DANEK, PLAINTIFF,
v.
JULIUS J. HOMMER AND KATHERYN HOMMER, PARTNERS t/a HOMMER TOOL & MFG. CO., DEFENDANTS AND THIRD-PARTY PLAINTIFFS,
v.
NEW JERSEY MANUFACTURERS CASUALTY INSURANCE COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Essex County Court Law Division.
Decided July 9, 1951.
*609 Mr. Meyer M. Semel, attorney for plaintiff.
Messrs. McGlynn, Weintraub & Stein (Mr. Joseph Weintraub, appearing), attorneys for defendants and third-party plaintiffs.
Messrs. Shaw, Hughes & Pindar (Mr. Robert Shaw, appearing), attorneys for third-party defendant.
HARTSHORNE, J.C.C.
Plaintiff husband, without the joinder of his wife, here sues per quod for loss of consortium of his wife, due to injuries which she received while in defendant's employ. The wife, as such employee, has already received an award for such injuries from the present defendant as her employer, in proceedings under Article 2 of the Workmen's Compensation Act. R.S. 34:15-7. This award has in fact been paid by the third-party defendant insurance company which covered the defendant employer for such liability.
After the institution of this suit the defendant employer obtained from the court the right to file a complaint against its above insurance carrier, as a third-party defendant, for a declaration of its rights under its compensation insurance contract, as well as under a public liability contract. The parties to this third-party action agree to stay proceedings thereon until the determination of the question presently raised in the main proceeding by the above husband against the above employer of the wife.
In these main proceedings the defendant employer moves for summary judgment against plaintiff husband on the *610 grounds: (1) that the award for the injuries to plaintiff's wife has been paid in full, as above, this it is claimed being the sole remedy lying for her injuries, since the Workmen's Compensation Act was enacted by the Legislature with the purpose of substituting a relatively simple, fixed, contractual remedy in lieu of the several previous, relatively elusive, remedies in tort existing therefor at common law on the part of both husband and wife. (2) Defendant further claims that the above suit by the husband is barred by the statute of limitations, R.S. 2:24-2, the present complaint having been filed more than two years from the time of the occurrence of the above injuries to the wife.
The primary issue to be determined is, therefore, whether or not the Legislature intended the elective and contractual compensation provisions of Article 2 of the Workmen's Compensation Act, when applicable, to be a complete substitute for the previous admittedly unsatisfactory common law actions in tort for negligence, available to the employee and those connected with him. Of course, this does not apply to the rights of either employer or employee against third-party tortfeasors, as to whom the Workmen's Compensation Act has set up a remedy which our highest court has recently held to be exclusive. United States Casualty Co. v. Hercules Powder Co., 4 N.J. 157 (1950). Nor does it apply to situations where Article 2 of the act does not apply because employer and employee have chosen to remain under Article 1. For here the new contract remedies are inapplicable, the old tort remedies on the part of not only the employee but his parents or spouse still remaining applicable, subject to the provisions of the act barring certain previous defenses available to the employer in such tort actions by the employee at least.
Of course, there is not the slightest question that previous to the enactment of the various workmen's compensation statutes, not only in New Jersey but throughout the United States, the common law tort procedures for recovery for accidental injury or death, arising out of and in the course *611 of employment, as brought by the employee and those connected with him, whether parents, spouse or family, had proven most unsatisfactory to both employee and employer. To the employee they had become notoriously elusive, due to the uncertainty of recovery at all, because of the various common law defenses available to the employer. To the latter the situation was unsatisfactory because of the fact that, if recovery did occur, the damages were often so heavy as to jeopardize the small employer's continuance in business. Thus, as was said in the earliest case to reach our highest New Jersey court in regard to this act, "the aim of (the then recent workmen's compensation laws) is to substitute, either by compulsion or by the voluntary act of the employers, for the common law liability for negligence, a definite payment by the employer, irrespective of negligence, which shall reach the workman or his dependents quickly and with small expense." Sexton v. Newark Dist. Telegraph Co., 84 N.J.L. 85, at p. 100 (Sup. Ct. 1913); affirmed 86 N.J.L. 701 (E. & A. 1914).
From both the humane and economic standpoints this act substitutes, on the one hand, a much more certain recovery for the benefit of all those who suffer from injury and death, and, on the other hand, imposes a much more certain and regularly recurring recovery, in a way which the employer can more readily calculate, and provide against, as a further factor in the expense of doing business. Thus, the employee and those connected with him are protected personally, and so is the employer through his ability to shift this cost of accident to the industry itself. So far all will agree.
The sole question is whether, when the Legislature substituted this relatively certain recovery on contract, beneficial in fact to employer, employee, and those dependent on him, it intended, at the same time that it admittedly wiped out the previous unsatisfactory and uncertain recovery in tort by the employee, to retain, and impose on the employer, the equally uncertain and unsatisfactory ancillary recovery in tort, by those connected with the employee.
*612 As to the fact that the Legislature did not intend to retain this relatively unsatisfactory recovery on the part of the parent of the employee, the New Jersey courts relatively quickly gave their answer, and this more than 30 years ago. Buonfiglio v. Neumann & Co., 93 N.J.L. 174 (E. & A. 1919); Hartman v. Unexcelled Mfg. Co., 93 N.J.L. 418 (E. & A. 1919). To evidence further the viewpoint of our courts that it was the intention of the New Jersey Legislature, in adopting the Workmen's Compensation Act, to enact a complete substitute for these previous unsatisfactory remedies in tort on the part of the employee and those connected with him, we have but to note the case of Gregutis v. Waclark Wire Works, 86 N.J.L. 610 (E. & A. 1914), where our highest court held that the Workmen's Compensation Act, where applicable, was a complete substitute for all recoveries in such cases under the Death Act, and to that extent wiped out such act, and this even where the Compensation Act itself barred recovery for certain persons connected with the employee, as in the case of aliens.
In that case the Court of Errors and Appeals said, as to Article 2 of the Workmen's Compensation Act: "The damages to be paid by the employer in case of death are limited by that act and an action cannot be maintained in disregard of that act. * * * The scheme of the act is to give compensation in lieu of damages to certain dependents and not to next of kin as such * * * the power of the Legislature to give or withhold a right of action in such case and to declare to whom and in what amount compensation shall be made cannot be doubted." (Italics ours.) Next came the case of Young v. Sterling Leather Works, 91 N.J.L. 289 (E. & A. 1917). In that case the court had the following to say as to its viewpoint that Article 2 of the Workmen's Compensation Act was a complete substitute for the previous common law rights of recovery: "It is to be borne in mind that the act we are considering is one of social insurance and is a complete institution created by the legislature in the interest of employer and employee. * * * The legislature had the clear *613 right to determine the incidents of such relationship under the statutory contract or obligation. This it has done. * * * by force of the statutory agreement, compensation is to be made under section 2 of the act, as fixed by the schedule, in lieu of any common law right of action for damages." P. 295 (italics ours).
Shortly thereafter, in the Hartman case, supra, our highest court said: "the weekly compensation based on wages is intended as compensation to the injured employe and his dependents for all elements of damages." (Italics ours.) In Miller v. National Chair Co., 127 N.J.L. 414 (Sup. Ct. 1941); affirmed 129 N.J.L. 98 (E. & A. 1942), the court restates the same doctrine as follows: "The declared policy of article 2 is to preclude any other recovery or measure of compensation in cases ruled by its terms." In that case our highest court quotes from the decision of the United States Supreme Court in Bradford Electric Light Co. v. Clapper, 286 U.S. 145 (1932). Curiously a clerical error appears in this quotation, the decision of the United States Supreme Court, as approved by the Court of Errors and Appeals, having been that as to the Vermont Workmen's Compensation Act, that this act provided "not only for employees a remedy which is both expeditious and independent of proof of fault, but also for employers a liability which is limited and determinate." (Not employees as said in the Miller case). Obviously, the husband's common law action per quod in tort does not comprise "a liability which is limited and determinate." Thus, the United States Supreme Court joins with our New Jersey courts in their viewpoint that the compensation provisions of the Workmen's Compensation Act are intended to be a complete substitute for previous common law proceedings for all concerned. Indeed, in Burns v. Vilardo, 26 N.J. Misc. 277 (Sup. Ct. 1948), it was expressly held that where a wife had recovered a compensation award, as here, she could not sue in tort thereafter, nor could her husband sue per quod, as here. Finally, in the recent case of U.S. Casualty Co. v. Hercules Powder Co., supra, our *614 present Supreme Court said in regard to the statutory provisions in question: "The act was intended to accomplish an economic reform * * * In fine, the purpose of the act, with respect to the employer-employee relationship was to supersede the common law redress in tort cases * * *." In short, as our Supreme Court has recently said, "Legislation must be accorded a rational interpretation consistent with its manifest purpose." Grobart v. Grobart, 5 N.J. 161, 166 (1950).
Thus our highest court has long since held that Article 2 of the Workmen's Compensation Act, here in question, is a complete substitute for the previous common law tort recovery, not only of the employee but of those connected with him, these holdings having covered not only the employee's parents but his dependents in case of death. That our courts in these decisions correctly interpreted the intention of the State Legislature must not only be legally presumed, but is also evidenced in fact, since, despite the annual sessions of our Legislature thereafter, the Workmen's Compensation Act has remained unamended in that regard for 30 years since such decisions. State v. Moresh, 122 N.J.L. 77 (E. & A. 1939); Barringer v. Miele, 6 N.J. 144 (1951); Mechanics Finance Co. v. Austin, 11 N.J. Super. 399 (App. Div. 1951).
That the legal profession itself has clearly agreed with this intention of the Legislature, to make Article 2 of the Workmen's Compensation Act a complete substitute for the earlier tortious common law remedies of the employee and those connected with him, is clearly evident from the fact that the present suit is the first case known, since the above decisions 30 years ago, in which a recovery per quod has been sought by a husband, after the injured spouse has received a compensation award in full. This of itself raises an additional question as to the legality of such claim. Snegon v. Consolidated, &c., Ins. Co., 117 N.J. Eq. 325 (Ch. 1934); Burlington County v. Martin, 129 N.J.L. 92 (E. & A. 1942).
That the inspiration for the present claim comes, not from the New Jersey statute and decisions, but from the *615 recent decision of Hitaffer v. Argonne Co., 183 F.2d 811 (D.C. Cir. 1950), as to a federal statute, would appear evident. But, it should be borne in mind that this decision, so far as here pertinent, deals, not with the New Jersey Workmen's Compensation Act, but with the Federal Longshoremen's and Harbor Worker's Act, 44 Stat. 424 et seq., 33 U.S.C.A., sec. 901, et seq., the terms of which naturally differ much from those of the statute here in question. Indeed, as our highest court, in construing the New Jersey Workmen's Compensation Act, has said, "In any event we are not controlled by the decisions of federal or other jurisdictions in interpreting the intent and scope of our own Workmen's Compensation Act." United States Casualty Co. v. Hercules Powder Co., supra, p. 168. A fortiori is this the case when such decisions are as to a statute outside New Jersey. Furthermore, while the Hitaffer decision seems well founded with respect to its first point, as to the right of a wife to recover for loss of consortium of her husband, the decision has been subjected to serious criticism insofar as its pertinence to the present point is concerned. 36 Cornell L.Q. 151.
Further, it should be borne in mind that there is a split in the authorities throughout the country, as to whether the various workmen's compensation acts were intended to be a complete substitute, in the form of a remedy on contract, for the previous unsatisfactory common law remedies in tort, between employer, employee, and those connected with him. In this split the Hitaffer case simply represents one of the decisions which take the viewpoint contrary to that for which the courts of New Jersey and those of many other jurisdictions have long stood. Indeed, by many of these authorities, New Jersey has long been recognized from its above decisions (Young v. Sterling Leather Works, supra; Buonfiglio v. Neumann & Co., supra; Hartman v. Unexcelled Mfg. Co., supra; Gregutis v. Waclark Wire Works, supra) as having been the basic and original exponent of the principle that the Workmen's Compensation Act was intended to be such a *616 complete substitute. To this effect see Hilsinger v. Zimmerman Co., 187 N.W. 493 (Ia. 1922); Wall v. Studebaker Corp., 189 N.W. 58 (Mich. 1922); Novack v. Montgomery Ward & Co., 198 N.W. 294 (Minn. 1924); Treat v. Los Angeles Gas & Elec. Corp., 256 P. 447 (Cal. 1927); Holder v. Elms Hotel Co., 92 S.W.2d 620 (Mo. 1936); Swan v. F.W. Woolworth Co., 222 N.Y.S. 111 (Sup. 1927); McVey v. Chesapeake & Potomac Telephone Co., 138 S.E. 97 (W. Va. 1927). In most of these cases, indeed, the above New Jersey decisions are expressly followed, the theory of these decisions perhaps being most clearly expressed in the McVey case as follows: "The obvious purpose of the Legislature in enacting into law the so-called `Workmen's Compensation Act' must be borne in mind in a decision of the question involved here. In the construction of such acts, the courts are, of course, guided by the general rules of statutory interpretation. While, generally, statutes in derogation of the common law are given a strict construction, yet the courts have very generally held that a spirit of liberality should characterize the interpretation of the Workmen's Compensation Laws, for the reason that it is to be classed as remedial legislation. * * * It would seem plain that the Legislature intended to relieve the employer from any and all civil responsibilities at common law, growing out of or in any way connected with the injury or death of an employee in the service of an employer who had fully complied with the requirements of the act. The words used clearly import this. This intention is not only reflected by the meaning of the words actually used, but may be gathered from the necessity and reason of the enactment of the law heretofore stated. It is a well-recognized rule of construction that a thing within the intention is regarded within the statute, though not within the letter."
The contrary line of decisions, exemplified by the Hitaffer case, supra, include King v. Viscoloid Co., 106 N.E. 988 (Mass. 1914); Allen v. Trester, 199 N.W. 841 (Neb. 1924); Roxana Petroleum Co. v. Cope, 269 P. 1084 (Okla. 1928); *617 Silurian Oil Co. v. White, 252 S.W. 569 (Tex. 1923). Practically all of these cases rely in turn on the above case of King v. Viscoloid Co. But, in the early and basic New Jersey case of Buonfiglio v. Neumann & Co., supra, our highest court expressly states that the language of the New Jersey statute "distinguishes the case from King v. Viscoloid Co." In other words, from the very beginning the New Jersey courts refused to adopt the principle relied on by plaintiff in the case at bar, and have been recognized throughout the country as the leading exponents of the opposite viewpoint, to wit, that the Workmen's Compensation Act was intended to be a complete substitute for the previous unsatisfactory remedies in tort on the part of the employee and those connected with him. Indeed, the results of the rule for which plaintiff here contends would be most peculiar. For while, thereunder, the employee would recover under the statute a relatively certain compensation, applicable as well to his parents and dependents in case of death, his spouse would have to rely on the previous uncertain common law remedy in tort, the unsatisfactory nature of which was the very reason for the enactment of the statute. Such a situation is, of course, a hybrid, and would appear incongruous to say the least. In addition, it would substantially negate, as to the employer, one of those for whose benefit the statute was enacted, the essential purpose of the statute itself, by continuing to burden him with the unsatisfactory tort liability which the Legislature intended to wipe out.
In addition, it might be noted that the award made the wife in such cases as this, covers not only temporary and permanent compensation for her inability to function as a human being, a much broader criterion than mere loss of earnings, including even disfigurement and loss of sexual power for instance, (Everhart v. Newark Cleaning & Dyeing Co., 119 N.J.L. 108 (E. & A. 1937); Hercules Powder Co. v. Morris Common Pleas, 93 N.J.L. 93 (Sup. Ct. 1919)), but that it also covers medical expenses. All of the above, to some extent at least, would be exactly what a husband *618 would originally have recovered for at common law in his earlier action per quod. Can it thus have been the intention of the Legislature to subject the employer "to the possibility of double liability," the which our highest court has already deprecated in U.S. Casualty Co. v. Hercules Powder Co., supra, p. 166?
Further, the words of the act should be noted, in the very paragraph dealing with the statute's "construction," that, while Article 1 of the act is expressly stated to be "in extension of the common law," such is not said of Article 2, that setting up the compensation schedule here applicable. Since "expressio unius est exclusio alterius," it would seem that the Legislature did not intend that Article 2  the compensation schedule here in question  should be considered as merely an "extension of the common law." If not, then such schedule must be in substitution of the common law. If in substitution of the common law, as above, the continuance of the common law remedy, covering much the same subject matter, would be clearly inconsistent with such purpose of substitution.
Despite the above, plaintiff relies in support of his action, not only upon the above line of cases, to the contrary of the various authorities above cited which follow the above New Jersey decisions, but also calls attention to the wording of various provisions of the New Jersey statute. For instance, he alludes to the provision that the statute constitutes "a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided in this article." R.S. 34:15-8. He then cites Dias v. N.J. Manuf. Casualty Ins. Co., 4 N.J. Misc. 102 (Sup. Ct. 1926), where the court says, "An examination of the statutes demonstrates that only the employer and the employee are parties to the statutory contract." He further calls attention to the fact that the New Jersey statute lacks certain of the language of the similar acts from other states, which have been held by the above cases to bar recovery by persons connected with the employee, such as parents or *619 spouses. In short, had the courts of New Jersey not already taken their stand as the leading exponents of the doctrine that the Workmen's Compensation Act was intended to be a complete substitute for the previous unsatisfactory rights and remedies, as between employer, employee and those connected with the employee, a strong argument could be made in support of plaintiff's position from the verbalistic standpoint, and in the light of the well-known principle that statutes in derogation of the common law are to be strictly construed. In support of this contention, plaintiff further claims that there is a distinction between the control of a parent over his child's earnings, and that of a husband over his wife's, the wife having the greater freedom by virtue of the Married Women's Property Act. R.S. 37:2-12. Accordingly, plaintiff argues that the above New Jersey decisions of Buonfiglio v. Neumann & Co., supra, and Hartman v. Unexcelled Mfg. Co., supra, are distinguishable, and do not require this court to find the present suit to be barred.
Were this case res nova, there might be substantial force to this line of reasoning. But, the answer is, it is not res nova. As seen above, our courts have held for years that not only an employee but those connected with him, both as a parent and as a representative of his dependents in case of his death, have been granted by the Legislature, within its sovereign power (Young v. Sterling Leather Works, supra), a more satisfactory remedy, in full substitution for the less salutary remedy they had at common law. That our Legislature has not only in law, but in fact, approved of this construction of the act has been evidenced by its acquiescence therein for more than 30 legislative sessions. Furthermore, while there may be a slight distinction between the control of a father over the earnings of his daughter, and that of a husband over the earnings of his wife, it is assuming a good deal to believe that the New Jersey Legislature had any such fine distinction as this in mind when it enacted the Workmen's Compensation Act in 1911. Again, can it be sensibly presumed that the Legislature intended that, after *620 an injured female employee had been paid her compensation award in full, neither her father, if she were an infant, nor her dependents, in case of death, could bring another suit against her employer, but, if she lived, her husband could? To presume any such intention in the New Jersey Legislature would seem quite unreasonable. In short, both in law and in fact, our Legislature must be presumed to have intended, in substituting the more certain recovery on statutory contract for the previous unsatisfactory remedy in tort, to have made a complete and not a patchwork substitution, covering employer, employee, and those connected with him.
Since the cause of action on which the plaintiff sues has thus been wiped out by the Legislature, the question whether this cause of action is barred by the statute of limitations, and the other points raised in plaintiff's brief, become moot, together with the entire ancillary third party proceedings above alluded to.
Summary judgment may accordingly be entered for defendant.