## SASSE v. UNITED STATES.
### No. 10550.

United States Court of Appeals
Seventh Circuit.

Feb. 18, 1953.

Gilmore S. Haynie, U. S. Atty., Fort Wayne, Ind., Holmes Baldridge, Asst. Atty. Gen., Leavenworth Colby and Paul A. Sweeney, Sp. Asst. to Atty. Gen., and Walter J. Keckich, Asst. U. S. Atty., Whiting, Ind., for the United States.

Richard P. Tinkham, John F. Beckman, Jr. and Daniel F. Kelly, Hammond, Ind., for appellee.

Before FINNEGAN, LINDLEY and SWAIM, Circuit Judges.

FINNEGAN, Circuit Judge.

The appellee, Julius Sasse, a civilian employee in the War Assets Administration, brought suit under the Tort Claims Act, 60 Stat. 842, 28 U.S.C.A. § 1346, against the United States to recover damages for injuries suffered in the course of his employment by reason of the negligence of his fellow employees in Government service. Trial was by the court without a jury, and the District Court entered judgment against the United States and in favor of the appellee for $6,000. To reverse that judgment the Government prosecutes this appeal.

There is little, if any dispute as to the facts. It appears that on April 14, 1948, the appellee was engaged in his employment at the disposal center maintained by the War Assets Administration, at Hammond, Indiana, and was there injured because of the negligence of other employees of the United States while he, at the direction of his superiors, was replacing a crane cable on a pulley. As a result of his injuries it was necessary to amputate four fingers of his right hand. Following the injury he was hospitalized and received treatment for his hurts. On June 2, 1948, the appellee filed his application for compensation under the Federal Employees' Compensation Act, 39 Stat. 742; 5 U.S.C.A. § 751 et seq., obtained an award and collected an initial payment of $59.

At that time appellee believed the sole available remedy arising from his injury while in the performance of his duty was that afforded him by the Federal Employees' Compensation Act. The District Court found expressly that prior to February, 1949, appellee was unaware of any remedy available to him by suit under the Tort Claims Act, 60 Stat. 843, and was wholly unaware of any remedy available to him other than under the Compensation Act. It further found "that plaintiff,

Sasse, did not at any time elect to claim and receive compensation to the exclusion of any other remedy available to him under the Tort Claims Act."

On April 14, 1949, the appellee through his attorneys, offered to refund to the United States the amount of the first compensation payment which had been collected by him and also the amount of the hospital and medical bills paid by the Government on his behalf. The offer was refused.

The court found that at the time of his injury appellee was thirty years of age, capable of earning $1.34 per hour; that he was right-handed and, as a result of his said injuries, was totally disabled for a period of three weeks and has been and will continue to be partially disabled for the balance of his life; that he has suffered permanent impairment and partial use of his right hand; that as a result of the injury he is incapable of obtaining occupation as a skilled worker in industry, and that as a result of said injuries the appearance of his right hand is unsightly to other persons, and that he will continue to suffer pain and humiliation and embarrassment. His damages were assessed in the sum of $6,000.

In its conclusions of law, the District Court said: "The defendant is entitled to a credit, to be reflected in the judgment, of the amount of compensation paid by the Government to the plaintiff, together with the medical and hospital bills, if any, incurred on behalf of the plaintiff." In entering judgment, however, the District Court did not follow its conclusion as to the law. Judgment was for the full amount of damage, $6,000. The Government properly contends that the initial payment of compensation, $59, and medical and hospital bills it paid on behalf of appellee, to the amount of $369, or a total of $428, should have been deducted, and that judgment under the findings and conclusions of the District Court should have been in the sum of only $5,572. Brooks v. United States, 337 U.S. 49–53, 69 S. Ct. 918, 93 L.Ed. 1200.

In seeking to reverse the judgment of the District Court, the United States as appellant contends: (1) that the right of the appellee, Julius Sasse, under the Federal Employees' Compensation Act was exclusive and precluded recovery under the Tort Claims Act; and (2) that in any event appellee, Sasse, is barred from recovery under the Tort Claims Act because he has applied for and received cash payments and medical and hospital services and benefits under the Compensation Act.

The appellee, on the other hand, contends: (1) that prior to October 14, 1949, the effective date of the 1949 amendment to the Federal Employees' Compensation Act, an employee subject to the Compensation Act had a right to elect between compensation under the Act and the recovery of damages from the Government where the Federal laws had removed the immunity of the United States from suit; and (2) that the Act of 1949 in section 303 (g) thereof specifically authorized his suit to recover damages. We believe the decision of the Supreme Court in Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 855, 96 L.Ed. 1051, is decisive of the question of exclusiveness of the remedy afforded injured employees by the Federal Employees' Compensation Act.

In that case the Supreme Court held that the benefits made available by the Compensation Act precluded a suit for damages by a civilian employee under the Public Vessels Act, 46 U.S.C.A. §§ 781–790. It would serve no useful purpose to repeat the reasoning through which the court arrived at its conclusion. Suffice it to say that the same reasoning compels the conclusion that the benefits offered by the Compensation Act likewise preclude an injured civilian employed by the United States from suit against the Government under the Tort Claims Act for injuries suffered in the course of his employment.

In the case as bar, appellee repeats the argument made in the Johansen case that the 1949 amendments to the Compensation Act, 63 Stat. 854, show that Congress understood that the remedy of compensation had not been, until that time, exclusive of other remedies. The Supreme

Court in the opinion in the Johansen case rejected this argument. It said: "The purpose of the 1949 amendment is simply 'to make it clear that the right to compensation benefits under the act is exclusive and in place of any and all other legal liability of the United States or its instrumentalities * * *.'"

The Court likewise said in its opinion, 343 U.S. on pages 438, 439, 72 S.Ct. at pages 856, 857.

"As indicated above, the courts have differed upon the question of exclusiveness of the remedy against the United States under the Federal Employees Compensation Act. * * *

"The Federal Employees Compensation Act, 5 U.S.C.A. § 751 et seq., was enacted to provide for injuries to Government employees in the performance of their duties. It covers all employees. Enacted in 1916, it gave the first and exclusive right to Government employees for compensation, in any form, from the United States. It was a legislative breach in the wall of sovereign immunity to damage claims and it brought to Government employees the benefits of the socially desirable rule that society should share with the injured employee the costs of accidents incurred in the course of employment. Its benefits have been expanded over the years. 5 U.S.C.A. § 751 et seq. Such a comprehensive plan for waiver of sovereign immunity, in the absence of specific exceptions, would naturally be regarded as exclusive."

The contention of appellee that the Act of October 14, 1949 in section 303 specifically authorizes his suit to recover damages and to waive compensation, is not tenable. That became plain when we examined the entire text of section 303(g) of the Act of October 14, 1949, 63 Stat. 867–868.

Sec. 303(g) of that Act, 5 U.S.C.A. § 757 note, provides:

"The amendment made by section 201 of this Act to section 7 of the Federal Employees' Compensation Act, making the remedy and liability under such Act exclusive except as to masters or members of the crew of any vessel, shall apply to any case of injury or death occurring prior to the date of enactment of this Act: Provided, however, That any person who has commenced a civil action or an action in admiralty with respect to such injury or death prior to such date, shall have the right at his election to continue such action notwithstanding any provision of this Act to the contrary, *or to discontinue such action within six months after such date before final judgment and file claim for compensation under the Federal Employees' Compensation Act, as amended, within the time limited by sections 15 to 20 of such Act (including any extension of such time limitations by any provision of this Act), or within one year after enactment of this Act, whichever is later. If any such action is not discontinued and is decided adversely to the claimant on the ground that the remedy or liability under the Federal Employees' Compensation Act is exclusive, or on jurisdictional grounds, or for insufficiency of the pleadings, the claimant shall, within the time limited by sections 15 to 20 of such Act (including any extension of such time limitations by any provision of this Act), or within one year after final determination of such cause, whichever is later, be entitled to file a claim under such Act.*"

The appellee in his brief entirely ignores that portion of section 303(g) which we have emphasized. When the entire section 303(g) is read, it is manifest that the intention of the section was not to create any right in a plaintiff who might choose to sue for damages in a case where he was eligible to benefits under the Federal Employees' Compensation Act. The intent of the section was merely to extend the time within which such an injured employee might apply for benefits due under the Act, if and when any action he chose to bring against the United States was de-

**874**

cided against him. cf. U. S. v. Meyer (Meyer v. United States) 5 Cir., 200 F. 2d 110.

The judgment of the District Court is reversed and the cause is remanded to that court with directions to dismiss the complaint and to remit appellee to his remedy under the Federal Employees' Compensation Act.