**UNDERWOOD v. UNITED STATES.**
No. 4649.

United States Court of Appeals
Tenth Circuit.

Nov. 4, 1953.

Richard H. Duke, Denver, Colo. (Fred L. Schwartz, Denver, Colo., was with him on the brief), for appellant.

Clifford C. Chittim, Boulder, Colo. (Charles S. Vigil, Denver, Colo., was with him on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

The appellant sued the government under the Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671–2680, to recover damages for the loss of his wife's consortium, services, companionship and society, and for burial expenses. It was alleged that while an employee of the United States and in the performance of her duties, she was killed through the negligence of agents of the government.

The trial court sustained a motion to dismiss on the grounds that the cause of action is barred by the exclusionary provisions of Section 757(b) of the Federal Employees Compensation Act, 5 U.S.C.A. § 751 et seq., which provides in material part that "The liability of the United States" under the Federal Employees Compensation Act "with respect to the injury or death of an employee shall be exclusive, and in place, of all other liability of the United States * * to the employee, his legal representative, spouse, dependent, next of kin, and anyone otherwise entitled to recover damages from the United States * * on account of such injury or death, in any direct judicial proceedings in a civil action * * * or under any Federal tort liability statute". The trial court apparently assumed that Colorado law, made applicable here under the Tort Claims Act, grants a right of action to the husband for loss of consortium of his wife due to the negligence of the United States, unless such right of action is excluded by the foregoing provisions of Section 757(b). It was of the view, however, that such provisions clearly and unequivocally barred the appellant's claim for relief under the Tort Claims Act.

Section 757(b) was enacted in 1949 as an amendment to the Federal Employees Compensation Act for the avowed purpose of making it clear "that the right to compensation benefits under the act is exclusive and in place of any and all other legal liability of the United States or its instrumentalities * * *" S. Rep.No. 836, 81st Cong. 1st Sess. p. 23. Consistently with that declared purpose, the amendment has been authoritatively construed to preclude a suit for damages under the Public Vessels Act of 1925, 43 Stat. 1112, 46 U.S.C.A. § 781 et seq.[1] for injuries to and wrongful death of crewmen on a public vessel. Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051. And see also Sasse v. United States, 7 Cir., 201 F.2d 871; Lewis v. United States, 89 U. S.App.D.C. 21, 190 F.2d 22. But in all of those cases, the suit was either by an employee or a legal representative entitled to the benefits afforded by the Compensation Act.

Here, the plaintiff in suit was neither an employee nor a dependent widower under Section 755(d)(A), and being without remedy under the Act, it is earnestly argued that the exclusionary provisions of Section 757(b) were not intended to bar a separate and independent common law claim for loss of consortium recognized under applicable Colorado law. The plaintiff is fortified in this position by a recent decision of the Court of Appeals for the District of Columbia. Hitaffer v. Argonne Co., 87 U.S.App.D.C. 57, 183 F.2d 811, 820, 23 A.L.R.2d 1366. In that case, the wife of an injured government employee sued at common law for loss of consortium. The United States pleaded a provision of the Harbor Workers' Compensation Act

1. The Public Vessels Act of 1925 pertinently provided that a libel might be brought against the United States for damages caused by a public vessel of the United States, and to that extent, the immunity of the government to suit was relaxed.

of the District of Columbia, 33 U.S.C.A. § 901 et seq., containing exclusionary language almost identical to Section 757 (b). Conceding that literally construed, the critical language of the comparable Act precluded the suit, the court could not believe that by the use of such language Congress "intended to deprive third persons of independent causes of action where the Act does not even purport to compensate them for any loss."

With deference to the cogent reasoning of that great court, we must agree with our trial court that the language of the Act is too clear for doubt. While there are no other federal cases directly construing the application of the Act to a remediless claimant under the Tort Claims Act, comparable provisions of state workmen compensation acts have been uniformly construed to specifically bar an independent common law suit for loss of consortium. Holder v. Elms Hotel Co., 338 Mo. 857, 92 S.W.2d 620, 104 A.L.R. 339; Napier v. Martin, Tenn.Sup., 250 S.W.2d 35; Bevis v. Armco Steel Corp., 156 Ohio St. 295, 102 N.E.2d 444; Guse v. A. O. Smith Corp., 260 Wis. 403, 51 N.W.2d 24; Danek v. Hommer, 14 N.J.Super. 607, 82 A.2d 659, affirmed 9 N.J. 56, 87 A.2d 5.

Viewed in the light of the declared purposes of Section 757(b) and in the context of antecedent judicial construction of comparable provisions of state acts, it becomes unequivocally plain, we think, that Congress intended the liability of the United States with respect to the injury or death of an employee to be exclusive and in the place of all other liability of the United States, not only to the employee, his legal representative, spouse, dependent, and next of kin, but "anyone otherwise entitled to recover damages from the United States * * * on account of such injury or death * * * under any Federal tort liability statute". It is significant, we think, that the Congress chose to speak in terms of liability of the government, not in terms of remedies or rights of action, and in doing so, it gave a right of action only to the extent that it saw fit to relax governmental immunity from any liability.

The judgment is affirmed.