## DE VOS v. UNITED STATES.
### Civ. A. No. 9972.

United States District Court
E. D. New York.
April 28, 1954.

tion, and granted by the District Court for the District of Columbia. (Defendant's Exhibit P-93.) Thus my ruling is

Gabriel P. Martini, New York City, for plaintiff. Lewis J. Solomon, Brooklyn, N. Y., of counsel.

Leonard P. Moore, U. S. Atty., E. D. N. Y., Brooklyn, N. Y., for defendant. Arthur D. Hickerson, Asst. U. S. Atty., Jamaica, N. Y., of counsel.

BRUCHHAUSEN, District Judge.

The defendant moves for an order dismissing the complaint herein and for judgment on the pleadings, pursuant to Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A., upon the ground that the complaint is not authorized by the Federal Tort Claims Act and fails to state a claim upon which relief can be granted.

The complaint, in substance, alleges that the action is brought pursuant to the United States Statutes and the Federal Tort Claims Act; that the plaintiff while in the employ of the defendant sustained personal injuries due to a fall on a defective stairway in a building owned and operated by the defendant for which he seeks substantial damages.

The defendant contends that the plaintiff's sole remedy is under the Federal Employees Compensation Act, 5 U.S.C.A. § 751, and that he has no right of action under the Federal Tort Claims Act, 28 U.S.C.A. § 1346.

The plaintiff asserts that his right to maintain the action is specifically authorized by Section 303(g) of the Act of October 14, 1949, Chapter 691, 63 Stat. 867. The said Section 303(g) as well as Section 201(b) of the said Act were by that statute added as amendments to the Federal Employees Compensation Act. 5 U.S.C.A. § 757 and note. The said amendments read as follows:

Sec. 201(b) "The liability of the United States or any of its instru-

in accord not only with the Master's Report but with the conclusion of the Patent Office.

mentalities under this Act or any extension thereof with respect to the injury or death of an employee shall be exclusive, and in place, of all other liability of the United States or such instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and anyone otherwise entitled to recover damages from the United States or such instrumentality, on account of such injury or death, in any direct judicial proceedings in a civil action or in admiralty, or by proceedings, whether administrative or judicial, under any other workmen's compensation law or under any Federal tort liability statute: Provided, however, That this subsection shall not apply to a master or a member of the crew of any vessel."

Sec. 303(a) "The amendment made by section 201 of this Act to section 7 of the Federal Employees' Compensation Act, making the remedy and liability under such Act exclusive except as to masters or members of the crew of any vessel, shall apply to any case of injury or death occurring prior to the date of enactment of this Act: Provided, however, That any person who has commenced a civil action or an action in admiralty with respect to such injury or death prior to such date, shall have the right at his election to continue such action notwithstanding any provision of this Act to the contrary, or to discontinue such action within six months after such date before final judgment and file claim for compensation under the Federal Employees' Compensation Act, as amended, within the time limited by sections 15 to 20 of such Act (including any extension of such time limitations by any provision of this Act), or within one year after enactment of this Act, whichever is later. If any such action is not discontinued and is decided adversely to the claimant on the ground that the remedy or liability under the Federal Employees' Compensation Act is exclusive, or on jurisdictional grounds, or for insufficiency of the pleadings, the claimant shall, within the time limited by sections 15 to 20 of such Act (including any extension of such time limitations by any provision of this Act), or within one year after final determination of such cause, whichever is later, be entitled to file a claim under such Act."

The gist of the said Sections 201(b) and 303(g) of the Federal Employees Compensation Act is as follows:

1. That the liability of the United States respecting injury or death of any of its employees under the said Compensation Act is exclusive, excepting that it shall not apply to a master or the member of the crew of any vessel.

2. That any person who commenced an action for such injury or death prior to October 14, 1949, the date when the said sections of the law were enacted, had the right to elect either of the following courses, viz.:

(a) Discontinue the action within the time stated therein or file a claim for compensation under the said Act, or

(b) Continue the action and if the action be "decided adversely to the claimant on the ground that the remedy or liability under the Federal Employees' Compensation Act is exclusive, or on jurisdictional grounds, or for insufficiency of the pleadings" the claimant was entitled to file a claim under the said Act.

In the case of Sasse v. United States, 7 Cir., 201 F.2d 871, the Court held that Section 303(g) did not create a right in an employee of the United States but merely extended the time within which an injured employee might apply for benefits due under the Act, if and when any action he chose to bring against the United States was decided against him. See also Underwood v. United States, 10 Cir., 207 F.2d 862. The case of Brown v. United States, 2 Cir., 209 F.2d 463, is not in point. The injuries therein complained of were sustained subsequent to

the time when the plaintiff was in the service of the United States.

The Compensation Act was intended to cover all employees of the United States. In the case of Johansen v. United States, 343 U.S. 427, 439, 72 S.Ct. 849, 96 L.Ed. 1051, the Court wrote:

"The Federal Employees Compensation Act, 5 U.S.C. § 751 et seq., 5 U.S.C.A. § 751 et seq., was enacted to provide for injuries to Government employees in the performance of their duties. It covers all employees."

The motion is granted.