Donald E. SNAPP, Plaintiff,

v.

CIVIL SERVICE COMMISSIONERS, Defendants.

Civ. No. 1792.

United States District Court S. D. Ohio, W. D.

June 10, 1955.

No attorney for plaintiff.

Hugh K. Martin, U. S. Atty., James E. Rambo, Asst. U. S. Atty., Dayton, Ohio, for defendant.

CECIL, District Judge.

This case is before the Court on a motion by the defendant to quash the service and to dismiss the complaint.

The complaint herein was filed by the plaintiff without the services of an attorney. For this reason, the Court shall endeavor to explain fully its reasons for this Decision.

The asserted cause of action grew out of an alleged accident claimed by the plaintiff to have taken place on or about January 13, 1943, while the plaintiff was employed by and working at the Fairfield Air Depot, Army Air Force, Patterson Field, Fairfield, Ohio. The complaint states "that while so employed and while he was in the normal course of his employment, he was accidentally injured."

The defendant contends that Congress has provided that there shall be no judicial review of action of the appropriate administrative agency in allowing or denying awards under the Federal Employees' Compensation Act, § 42, 5 U.S.C.A. § 793.

The pertinent part of this section reads as follows:

"The action of the Secretary or his designees in allowing or denying any payment under sections 751–791 and 793 of this title shall be final and conclusive for all purposes and with respect to all questions of law and

fact, and not subject to review by any other official of the United States, or by any court by mandamus or otherwise, * * *."

The case of Calderon v. Tobin, 88 U.S.App.D.C. 134, 187 F.2d 514, certiorari denied 342 U.S. 843, 72 S.Ct. 22, 96 L.Ed. 637, has interpreted this provision of the statute to mean just what it says; that is, that there shall be no judicial review of the action by the administrative agency.

The basis of this reasoning is that the United States is a sovereign power; that is, the supreme governing body. From history it is evident that a person could not sue "the king." One theory for this practice was that "the king could do no wrong."

 Whatever the origin may be, it has developed in the law through the years that an individual cannot sue his government without the government's consent. This strict immunity from suit has been liberalized to some extent by specific acts of Congress and in the enactment of the Federal Employees' Compensation Act. The purpose of this latter Act was to provide a comprehensive compensation system for Federal employees who sustain injuries in the performance of their duties. In enacting the Compensation Act, however, Congress did *not* open the door to suits by Government employees, but rather gave the power to an administrative agency to grant awards to employees injured in the performance of their duty. This power is currently exercised under the supervision of the Secretary of Labor. Congress also put the heretofore quoted restriction on review of any action by the Secretary in order that the awards in reality be awards, and not give employees the right to demand compensation in courts.

There has been filed in this case in support of the Government's motion, an affidavit stating in effect that the Secretary of Labor has denied compensation to this plaintiff for the accident alleged in the complaint.

The plaintiff's claim was originally denied by the Bureau of Employees Compensation, United States Department of Labor, Case No. 980822, and on March 11, 1953, the Employees Compensation Appeals Board affirmed the bureau's decision, denying compensation. This denial of compensation is an action which cannot be reviewed in the courts, the law being as above set out.

This Court is compelled to sustain the Government's motion and to dismiss the complaint because it does not state a cause of action.

An order may be drawn accordingly.