Oscar **ETHERIDGE** and wife, Mary C. Etheridge, Plaintiffs,

v.

**UNITED STATES** of America, Defendant.

Civ. A. No. 911.

United States District Court
N. D. Florida,
Pensacola Division.

May 13, 1959.

Brooks Taylor and Adams & Taylor, Crestview, Fla., for plaintiff.

Wilfred C. Varn, U. S. Atty., Tallahassee, Fla., and C. W. Eggart, Jr., Asst. U. S. Atty., Pensacola, Fla., for the United States.

DE VANE, District Judge.

On or about July 24, 1957, plaintiff, Mary C. Etheridge, who was a government employee working at the Eglin Air Force Base in Florida, was driving her husband's automobile on her way to work. While on the Base and before reaching the building where she worked, she was in an automobile accident with a truck owned by the defendant and operated by one of its employees in due course of his employment.

Plaintiff, Mary C. Etheridge, was injured in the accident and the car was also damaged. This suit, brought under the Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671–2680, is by husband and wife in which the husband, Oscar Etheridge, seeks to recover damages sustained to his automobile, and Mary C. Etheridge seeks to recover damages for personal injuries suffered by her.

Defendant has filed an answer to the claim of Oscar Etheridge and has filed a motion to dismiss as to Mary C. Etheridge upon the ground that the exclusionary provisions of Section 757(b) of the Federal Employees' Compensation Act (Title 5, Section 751 et seq. U.S.C.A.) prohibit her pursuing her claim under the Tort Claims Act. In support of its motion to dismiss as to Mary C. Etheridge, the defendant filed Exhibit 1 consisting of duly authenticated copies of documents contained in the Bureau of Employees' Compensation file in the U. S. Department of Labor, and Exhibit No. 2 consisting of duly authenticated copies of U. S. Department of Air Force Civilian Personnel letter dated September 1, 1957, all of which disclose that plaintiff, Mary C. Etheridge, was a government employee on her way to work on the Eglin Air Force Base when the accident occurred and that she had on Form No. CA1 given proper notice of her injury and evidencing the institution of her claim under the Act as a government employee injured in the performance of her duties upon the Eglin Air Force Base. These exhibits contained other information concerning her treatment at the hospital and her discharge therefrom and her return to work on the following day.

It is clear from the complaint filed in this case and from this evidence submitted in support of the motion to dismiss that Mary C. Etheridge was an employee of the United States and was injured on the Eglin Air Force Base while she was on her way to work. Based upon these facts it is clear that the exclusionary provisions of the Federal Employees' Compensation Act, Section 757(b), defeat her claim brought under the Tort Claims Act. Underwood v. United States, 10 Cir., 207 F.2d 862; Thol v. United States, 9 Cir., 218 F.2d 12.

An appropriate order will be entered herein in conformity with this Memorandum Decision.