**UNITED STATES of America, Appellant,**

v.

**Ernest MARTINEZ, Appellee.**

**No. 7604.**

United States Court of Appeals Tenth Circuit.

July 28, 1964.

John C. Eldridge, Atty. for Dept. of Justice (John W. Douglas, Asst. Atty. Gen., Lawrence M. Henry, U. S. Atty., and Morton Hollander, Atty. for Dept. of Justice, with him on brief), for appellant.

John S. Carroll, Denver, Colo. (Walter L. Gerash, Denver, Colo., with him on brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

MURRAH, Chief Judge.

Appellee brought this action against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), to recover for personal injury allegedly sustained while operating a pant pressing machine as a patient at the United States Public Health Service Hospital in Fort Worth, Texas. The Government answered, asserting as a defense and ground for dismissal, that when appellee's injury occurred he was an employee of the Government and within the coverage of the Federal Employees' Compensation Act, 5 U.S.C. § 751 et seq.; that the remedy provided therein is exclusive and operates to bar this asserted tort claims action. In the alternative, and assuming that appellee's status was arguable, the Government moved to refer that matter to the Secretary of Labor on the ground that the Secretary has primary jurisdiction to adjudicate such status.

On pre-trial, the Court denied the Government's motion to refer. On trial.

of the case, the Government renewed its motion and alternatively stood upon its defense of non-negligence and contributory negligence. Pursuant to trial the Court found that at the time of the injury, appellee was a "voluntary patient" in the United States Public Health Service Hospital; that his injury was proximately caused by the negligence of the Government; and, that he neither knew nor assumed the risk involved and was free of contributory negligence. Judgment was accordingly entered for appellee.

On appeal, the Government does not contest the trial Court's findings on negligence and contributory negligence, or the amount of the judgment. The contention is that the trial Court erroneously refused to dismiss the action on the ground that appellee was at the time of his injury an employee of the Government and within the exclusive coverage of the FECA, or to refer appellee's arguable status to the Secretary of Labor.

■■ If, of course, the appellee was injured in the course of the performance of his duties as an employee of the Government, the provisions of the FECA are exclusively applicable to bar this action. And, there is authority to the effect that where a substantial question of coverage under the FECA arises in an FTCA action, that issue should be referred by the Court to the administrative body provided by the Act before adjudicating the merits of the tort claim. See: Somma v. United States, 3 Cir., 283 F.2d 149, and Daniels-Lumley v. United States, 113 U.S.App.D.C. 162, 306 F.2d 769. However, these cases recognize and the Government seems to concede that if the claimant's injuries are clearly not compensable under the FECA, there is nothing to refer for administrative determination and the Court is free to hear and determine the tort claim. In our case, we do not reach the question whether, in the event of a substantial question of coverage, the Court must first refer the matter for administrative action, for we agree with the trial Court that the claimant was a patient in a

Government Hospital and not an "employee" of the Government at the time of his injury. His claim could not, therefore, come within the exclusive provisions of the FECA. Cf. Underwood v. United States (10 C.A.), 207 F.2d 862, and Daniels-Lumley v. United States, supra. See also: United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805.

Affirmed.