**UNITED STATES of America, Appellant,**

v.

**Francis BROWNING, Appellee.**

**No. 8381.**

United States Court of Appeals
Tenth Circuit.

May 11, 1966.

---

John C. Eldridge, Atty., Dept. of Justice, Washington, D. C. (John W. Douglas, Asst. Atty. Gen., William T. Thurman, U. S. Atty., Morton Hollander, Atty., Dept. of Justice, Washington, D. C., with him on the brief), for appellant.

David S. Kunz, Ogden, Utah, for appellee.

Before PICKETT, HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellee commenced this action for damages under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). She alleged that she had received personal injuries in an automobile accident which occurred on the Hill Air Force Base in Utah. The appellee at the time was an employee of the United States and worked in an office on the Air Force Base. When injured she was on the Base as a passenger in a private automobile which was struck by a Government vehicle driven by a Government employee.

The trial court granted judgment for the appellee and the Government has taken this appeal. The Government asserts that the district court was in error in that appellee's exclusive remedy was under the Federal Employees' Compensation Act, 5 U.S.C.A. § 751, and consequently judgment could not be had under the Federal Tort Claims Act.

There would appear to be no question but that the Federal Employees' Compensation Act is the exclusive remedy for employees who come within its provisions. The wording of the Act does not refer to the remedies of employees who may be injured but instead refers to the liability of the United States and provides that such liability with respect to injury of an employee shall be exclusive and in place of all other liability of the United States. 5 U.S.C.A. § 757. This court has held the Compensation Act liability to be exclusive as it relates to the Federal Tort Claims Act. Underwood v. United States, (10 Cir.), 207 F.2d 862; United States v. Martinez, (10 Cir.), 334 F.2d 728. Thus the sole issue on this appeal is whether or not the trial court was correct in holding recovery could be had under the Federal Tort Claims Act. The appellee shortly after the accident filed a claim under the Compensation Act, but it appears that it was effectively withdrawn and need not be considered as affecting the issues here.

The Federal Employees' Compensation Act in part provides: "The United States shall pay compensation as hereinafter specified for the disability or death of an employee resulting from a personal injury sustained while in the

performance of his duty, * * *." 5 U.S.C.A. § 751. There is no question but what the Act is intended to provide a broad and comprehensive plan for the compensation of injured Government employees. On the other hand the Tort Claims Act is likewise designed to provide a remedy for persons injured through the negligence of governmental employees when an individual may be so liable under state law. Thus this appeal presents the question of which of the two remedial statutes must be applied when a Government employee is injured through the negligence of another.

The interaction of the Tort Claims Act with the Federal Employees' Act, and the ultimate application of one of them was a legal issue which confronted the trial court. The court had jurisdiction of the Tort Claims case under the statute. 28 U.S.C. § 1346(b). The issue of exclusive remedy under the Compensation Act was raised, together with other defenses, in the Answer of the Government under " * * * further answering the Complaint and as affirmative defenses thereto, * * *." It is there stated that the Compensation Act and the remedy therein provided is exclusive. The issue was so raised, the attorneys argued the matter during the course of the hearing, and so presented the issue to the trial court for its determination. There is nothing in the record here to show that the Government in any way suggested that the action be dismissed or held in abeyance in order that the issue of Compensation Act coverage be administratively decided as was done in Somma v. United States, 283 F.2d 149 (3d Cir.), or in Daniels-Lumley v. United States, 113 U.S.App.D.C. 162, 306 F.2d 769, and mentioned in our opinion in United States v. Martinez, 334 F.2d 728 (10 Cir.). Thus we have no such issue before us.

The trial court held that the appellee had completed the performance of her duties on the day in question, that she had left her "work station," had clocked out in accordance with the rules, and was riding in a private automobile on her way home at the time of the acci-

dent. The court further found that her supervisor reported that the appellee was not under his supervision at the time of the injury. The court also found that the collision in which appellee was injured took place on the Hill Air Force Base, and consequently it was on her employer's premises.

The record also shows that the appellee was employed in a clerical position by the United States on the Base, that her duties consisted of "paper work" and were performed at her desk in a particular building. It also shows that at the time in question her work day had been completed, and she had left the building where she performed her duties, and was picked up for a ride home in an automobile owned and driven by a private individual. After the driver had picked up the appellee, they were proceeding along one of the streets on the Base on their way to pick up another passenger. Apparently the accident took place approximately a block from the building in which the appellee worked. The record does not show that the street upon which the accident occurred had at any time been a public thoroughfare.

The trial court concluded from its findings described above that the appellee at the time of her injury was not engaged in the performance of her duties, and consequently could recover under the Tort Claims Act.

The Government on this appeal urges that appellee was within the coverage of the Compensation Act and relies entirely upon the finding by the trial court that the appellee at the time of the injury was still on the employer's premises. The Government thus does not attack the other findings, but argues instead that appellee was under the Compensation Act by reason of the fact that the injury occurred on such premises. The Government in effect by this argument would have this court hold that the location of the accident was the determining fact and this would outweigh the other facts referred to above. This would be in effect to say that by reason of the location of the accident, the appellee as a matter

**940**

of law would be under the Compensation Act.

 The Government, in urging what it calls the "premises rule" in workmen's compensation law generally, and as it has been applied under the Federal Employees' Compensation Act, cites a series of cases which hold that an injury suffered by an employee is compensable if it occurs on the employer's premises, although the employee may be on his way to, or going from the place where he ordinarily performs his duties. The "premises rule" is applicable under a great variety of circumstances, both in actions under state compensation acts and under the Federal Employees' Compensation Act, but it must be treated as but one of a number of factors to be taken into consideration in reaching a decision as to whether or not the injury is compensable. It cannot be said in every instance where an injury occurs on the employer's premises and the employee is going to or from work, that therefore the injury is covered. The cases here relied upon by the parties demonstrate the many factors to be taken into consideration. An example is E. I. DuPont de Nemours Co. v. Hall, 237 F.2d 145 (4th Cir.), which concerned an injury which was suffered by a Government employee on a large Government installation while on his way to or from work. The Government in its reply brief in the case before us recognizes that the "premises rule" is but one factor when it would distinguish the DuPont case on the ground that the injury occurred three miles from the work area of the employee, while in the case at hand the injury occurred approximately a block from the building where the appellee worked. Also it recognizes this principle when it continues to distinguish the DuPont case on the ground that the street there concerned had been a public highway while in the case at bar the street had never been a public highway. The role of the "premises rule" in the ultimate determination of the issue is considered in Bountiful Brick Co. v. Giles, 276 U.S. 154, 48 S.Ct. 221, 72 L.Ed. 507, in Cudahy Packing Co. of Nebraska v. Parramore, 263 U.S. 418, 44 S.Ct. 153, 68 L.Ed. 366, and In The Matter of Alvina B. Piller, 7 E.C.A.B. 444.

 The trial court here considered all of the factors relating to the issue as to whether or not the appellee was engaged in the performance of her duties and reached its conclusion that she was not. The trial court thus correctly weighed the interrelated factors including the location of the accident. We cannot say that this location must outweigh all other factors.

Affirmed.