UNITED STATES of America,
Appellant,

v.

Elizabeth J. UDY, on behalf of herself and
her minor children Lori Kay Udy, Jo
Ann Udy, Verlene R. Udy and Delpha
L. Udy, Appellees.

No. 9156.

United States Court of Appeals
Tenth Circuit.

Aug. 3, 1967.

Morton Hollander, Washington, D. C., (Barefoot Sanders, Asst. Atty. Gen., William T. Thurman, U. S. Atty., and Robert E. Kopp were with him on the brief), for appellant.

Robert V. Phillips, Ogden, Utah (C. C. Patterson, of Patterson, Foley, Phillips & Gridley, Ogden, Utah, on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

The United States appeals from a judgment in the sum of $140,000 entered in the District of Utah in favor of appellees in an action considered by the court under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). The plaintiff below, wife of a civilian employee of Hill Air Force Base, a large military installation located near Ogden, Utah, obtained such judgment on behalf of herself and children, as damages for the death of her husband who was killed in a motor vehicle accident occurring within the Base area. A single appellate question is presented: Did the district court err in refusing the request of the United States to stay or dismiss the suit so as to enable the United States Department of Labor to make an original determination of whether plaintiff's claim was covered by the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101 et seq. (1966 rev.) (Formerly 5 U.S.C. § 751 et seq. (1964 ed.))

The question so presented is a recurring one within this circuit and the basic applicable principles of substantive and procedural law have been firmly established. The Federal Employees' Compensation Act constitutes the exclusive liability of the United States for the death of a federal employee sustained in the performance of his duty, and the actions of the Secretary in administering the Act are not reviewable and are final and conclusive for all purposes. 5 U.S.C. § 8102(a); 5 U.S.C. § 8116(c); 5 U.S.C. § 8128(b) (1) (2). Applicability of the FECA would thus be a complete bar to plaintiff's action herein. Underwood v. United States, 10 Cir., 207 F.2d 862. It is also fundamental that the provisions of the FECA should be liberally construed to effectuate the humane purposes of the legislation in accord with judicial principles many times set forth in regard to other but comparable compensation acts. See O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483; O'Keefe v. Smith, etc., Associates, 380 U.S. 359, 85 S.Ct. 1012, 13 L.Ed.2d 895. But the mere fact that an injury occurs upon government owned or controlled property does in no way impair the jurisdiction of the court under the Federal Tort Claims Act where it is clear that no proper administrative determination is interwoven with the tort claim. Thus, in United States v. Martinez, 10 Cir., 334 F.2d 728, this court held that the district court was free to adjudicate a tort claim arising from an injury occurring upon government property to a claimant not an employee of

the United States. Our decision necessarily holds that the administrative remedy of the FECA is not applicable when the statute of the injured party is not that of an "employee," a term used and a status necessary within the meaning and bounds of the FECA. So, too, this court has held that an employee injured while on government property is not, as a matter of law, unequivocally entitled to compensation and thus exclusively and automatically within the shelter of the FECA. United States v. Browning, 10 Cir., 359 F.2d 937. However, both in *Martinez* and *Browning* we recognized the persuasiveness of the holdings in Somma v. United States, 3 Cir., 283 F.2d 149, and Daniels-Lumley v. United States, 113 U.S.App.D.C. 162, 306 F.2d 769, to the effect that, upon request of the government, the district court should not proceed with the tort claim where a substantial question exists as to whether the claimant is covered under the FECA. In the case at bar, the parties presented their causes to the trial court in accord with these applicable principles and the trial court, and properly so, rendered judgment only after determination that there was no substantial question of coverage under the FECA and a finding that the decedent was not killed in the performance of his duties. In their appellate contentions the parties continue to agree to the stated legal principles and the government urges only that the court erred in determining that no substantial question of coverage under the FECA existed under the factual circumstances leading to Mr. Udy's death. We turn our consideration to this question.

Hill Air Force Base is a complex government facility of 6,664 acres containing 120.27 miles of roadway, Wherry Housing accommodations for 875 families, and many recreational facilities including a golf course, swimming pools and a theater. Parts of the Base are open to the public, many facilities are available only to employees, military personnel, guests and visitors and other parts are subject to restriction and varying security regulations of the Air Force. Verl N. Udy was employed at Hill Air Force Base as a civilian electrical-parts repairman and lived with his family off-Base. All duties of his employment were performed at a work bench in a building located within the restricted area of the Base. In order to get to and from work each day, Mr. Udy participated in a car pool with four fellow employees. Each day they would park the car being used in a public parking lot outside the restricted area [1] and proceed to their respective work sites on the Base proper. On the day of the accident, Mr. Udy was the car-pool driver. After finishing work, he passed out through the security fence and went to his car in the parking lot. Normally, he and the other car-pool members were not permitted to re-enter the restricted area of the Base and would drive home via the public access road and Utah State Highway 89. On this day and for several months prior thereto, however, portions of Highway 89 were under construction and the Air Force, for the convenience of its employees, was permitting them to drive into the restricted area and leave by an alternate route along the inside perimeter of the Base which would avoid the congestion in the areas of highway construction. There was no requirement that employees use this alternate route and the car pool had in fact come to work that morning by way of their regular route on Highway 89. For the trip home, however, Udy elected to take the alternate route through the Base. He displayed his security pass to the guard at the gate and proceeded into the restricted area along Perimeter Road. As he passed the area of the Base golf course about three miles from his employment site into the restricted area, Udy's car was struck by a trailer that

---

1. Access to the parking lot was by way of a road that intersected with several highways serving the neighboring communities. The lot was available to any member of the general public who wanted to use it and there was no check-in area, guard or guard station at its public entrance.

had come loose from an oncoming government oil tank truck. Udy was killed in the collision and at least one of his passengers was severely injured.

■ Although presented with considerable elaboration, the legal argument of the government arises no higher than the simple summary that a substantial question of whether a person injured or killed "while in the performance of his duty" of employment as that term is contained in the FECA is presented in all instances whenever an employee is on the premises of his governmental employment. Reliance on the so-called "premises rule" when the employee was going to or from work would indeed have presumptive merit if consideration could be divorced from all other special circumstances surrounding the case. But the totality of circumstances must determine the right to compensation and, as we stated in *Browning,* the premises rule "must be treated as but one of a number of factors to be taken into consideration in reaching a decision as to whether or not the injury is compensable." 359 F.2d at 940. And the totality of circumstances must be similarly considered in reaching a decision as to whether or not there is even a substantial compensation question.

■ The occasion of Mr. Udy's death was remote in time, space and activity from the duties of his employment. He had checked out from his employment site, traveled three miles from that location, and was killed in an incident having no possible relationship to the usual and direct hazards of his employment as an electrical-parts repairman. He was driving his own car for his own purposes and the inherent risks of travel by automobile were not the risks incidental to his employment. His presence at the particular place of the fatal collision on the Base area was not dictated by his employment but by pure chance. The extraneous fact of state highway construction had apparently influenced him to forego his usual route home by way of public highway. Thus, contrary to the government's suggestion, it is quite clear that the "obligations or conditions" of employment had nothing to do with creating the "zone of special danger" out of which Mr. Udy's death arose. See O'Keefe v. Smith, etc., Associates, 380 U.S. 359, 85 S.Ct. 1012, 13 L.Ed.2d 895; O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483. So, too, consideration must be given to the fact that Mr. Udy had *returned* to the restricted area with the permission of the government after having walked out through the security fence and into a public area. Because he was privileged to return for his own personal convenience and benefit and not for any duties of employment, Mr. Udy's status upon returning could well be characterized as that of a guest rather than an employee. Although the government characterizes his return as that to the "premises" we think it more accurate to term his return as one to the "property" of the government. "Premises," as generally construed under compensation acts, does not encompass all property of the employer but only that portion used in connection with the actual place of employment. See 99 C.J.S. Workmen's Compensation § 231.

■■ As indirect support for its position that there is a substantial question of Compensation Act coverage, the government places argumentative emphasis on the fact that "the premises rule is relatively easy to be applied by the administrative agencies responsible for administering the workmen's compensation laws, since it provides a tangible cut-off point between employment and non-employment associated risks." Sufficient it is to say, however, that ease of administration does not make an administrative determination any the less arbitrary when it otherwise had no substantial evidence to support it. And certain it is that the purpose of the FECA can never be well served by any strained interpretation that leads to the defeat of the equally important provisions of the Tort Claims Act.

We agree with the trial court's conclusion that there is no substantial ques-

tion as to whether Mr. Udy's death occurred in the performance of his duties of employment and since liability under the Tort Claims Act is not otherwise questioned in any way the judgment is

Affirmed.