Thomas G. **PITTMAN**, Plaintiff,

v.

**UNITED STATES** of America,
Defendant.

Civ. A. No. 569–69–N.

United States District Court,
E. D. Virginia,
Norfolk Division.
April 15, 1970.

---

Arthur C. Ermlich, Melvin J. Radin, Norfolk, Va., for plaintiff.

John A. Field, III, Asst. U. S. Atty., Norfolk, Va., for defendant.

## MEMORANDUM DECISION

KELLAM, District Judge.

While riding his motorbike to work, and while on the premises or property of the Norfolk Naval Shipyard, Portsmouth, Virginia, the plaintiff suffered injuries as a result of a collision with an automobile operated by an employee of the United States said to be in the course of his employment. He seeks to maintain this action for damages under the provisions of the Federal Tort Claims Act, 28 U.S.C.A. § 1346.

United States filed a motion to dismiss the cause of action alleging that this Court is without jurisdiction in that the plaintiff previously filed a claim for and had received compensation under the Federal Employees' Compensation Act, 5 U.S.C.A. § 8102, et seq. The United States says this is plaintiff's exclusive remedy and bars any action under the Tort Claims Act.

██ Plaintiff argues while compensation was received, this was in error and that he was not entitled to such compensation since he was on the way to work and not "in the performance of his duty" as specified by the Employees' Compensation Act. It was held in Etheridge v. United States, 177 F.Supp. 734 (N.D.Fla.1959), a case exactly on point, that the exclusionary provisions of the Employees' Compensation Act defeat a claim brought under the Tort Claims Act.

██ The law is plain on two aspects of this matter. First, when a worker files application for compensation benefits, the Secretary of Labor or his designee determines if there is coverage and his finding is not subject to judicial review. 5 U.S.C.A. §§ 8145, 8128, 8128(b). In fact, it has been held that it is not appropriate for a court to determine whether or not an accident occurred in the performance of one's duties. Daniels-Lumley v. United States, 113 U.S.App.D.C. 162, 306 F.2d 769 (1962). Secondly, acceptance of compensation benefits is the exclusive remedy. 5 U.S.C.A. § 8116(c). Both of these principles are adequately enunciated in Cobia v. United States, 384 F.2d 711 (10th Cir. 1967), certiorari denied 390 U.S. 986, 88 S.Ct. 1182, 19 L.E.2d 1290.

██ Workmen's Compensation Acts, such as the Federal Employees' Compensation Act, are liberally construed in accordance with the legislative intent that humane purposes be accomplished. Toward this end the "premises rule" has emerged affording a worker coverage when going to and from work on the employer's premises. United States v. Udy, 381 F.2d 455, at page 458 (10th Cir. 1967). Indeed, the "premises rule" is the general rule in workmen's compensation law. 58 Am.Jur. "Workmen's Compensation" § 221. In the case before the Court, the plaintiff was on the employer's (defendant's) premises, on the way to his site of actual work, and within minutes of commencing work. The accident occurred at approximately 7:50 A.M. There was nothing arbitrary, capricious, or erroneous about the Secretary of Labor's finding that the plaintiff was within the intent of the statute.

The plaintiff sought and obtained benefits under the Federal Employees' Compensation Act. This is all he is entitled to. The motion to dismiss is granted and plaintiff's action is hereby dismissed.