Florine WALKER, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. F–66–69.

United States District Court,
D. Alaska.

Feb. 5, 1971.

James R. Blair, Rice, Hoppner, Blair & Associates, Fairbanks, Alaska, for plaintiff.

Douglas B. Bailey, U. S. Atty., Anchorage, Alaska, for defendant.

## MEMORANDUM AND ORDER

VON DER HEYDT, District Judge.

Plaintiff, Florine Walker, has initiated this action against the United States for recovery of damages allegedly caused on February 18, 1968, when plaintiff's car was struck by a railroad train owned and operated by the United States. Plaintiff, at the time of the accident, was an employee of the United States, working in a dining hall situated on Eielson Air Force Base near Fairbanks, Alaska. At the time of the accident, plaintiff was on her lunch break and was driving her automobile on Eielson Air Force Base, on Industrial Avenue, proceeding to the Base Trailer Park to visit a Mrs. Joan E. B. Probert.

Plaintiff in her complaint seeks recovery under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). The defendant, United States, has filed a motion seeking to dismiss on the basis that plaintiff's remedy is exclusive under the Federal Employees' Compensation Act, 5 U.S.C. § 8101 and that she is barred from pursuing her claim under the Federal Tort Claims Act.

Under the Federal Employees' Compensation Act, 5 U.S.C. § 8102, the United States is liable for compensation for the disability or death resulting from personal injuries sustained by an employee *while in the performance of*

*duty*.[1] The question which has been presented to this Court is whether or not Florine Walker was acting in the performance of her duty at the time of the accident. If the plaintiff was in the performance of her duty or employment at the time of the accident the Federal Employees Compensation Act is applicable and plaintiff's recovery is exclusive under such Act. If, however, the injury was not sustained in the performance of plaintiff's employment, the Federal Employees Compensation Act is not applicable and the plaintiff can seek recovery under the Federal Tort Claims Act.

The United States urges the Court to hold that a lunch break is incident to employment. The government argues that it allows its employees to leave the immediate work area during lunch break for purposes of morale and efficiency. Also, the government states that it does not expect its employees to use the entire lunch period in which to eat. Furthermore, the government explains that it contemplates the general use of Base roads during the noon hour by its employees.

Three cases are cited by the United States to support its proposition. Etheridge v. United States, 177 F.Supp. 734, 735 (N.D.Fla.1959) (government employee involved in an automobile accident on base while driving to work); Stiffler v. United States, 122 F.Supp. 304, 305 (M.D.Pa.1964) (government employee injured in an automobile accident occurring on base while driving home after work); Biagi v. United States, 115 F.Supp. 697, 698 (N.D.Cal. 1953) (government employee injured on base during a five minute coffee break). In each of these three cases it was found that the claimant was in the performance of his duty as an employee of the United States when the accident occurred and held that the claimant's remedy was exclusive under the Federal Employees Compensation Act. It should be noted, however, that in all three cases the employee had either substituted a claim or recovered benefits under the Federal Employees Compensation Act before bringing the tort action.

Plaintiff's contention in the case at bar is that she was removed from the premises of her employment, dining hall number two, when the accident occurred and therefore has no claim under the Federal Employees Compensation Act. Plaintiff states that during the lunch hour she was enroute to visit a personal friend. She also asserts that her action was in no way connected with the performance of her duties as a government employee. She further argues that at the time of the accident she was a significant distance from the place of her employment and not in the near proximity.

The case most relied upon by plaintiff is United States v. Udy, 381 F.2d 455 (10th Cir.1967). Here, plaintiff was going home after a days work, had left the Hill Air Force Base, and because of highway construction work reentered the base in order to proceed home. The accident occurred within the confines of the base. The Court held that the so-called premises rule did not apply, that plaintiff was not acting within the performance of his duty at the time of the accident and that an action by plaintiff could be pursued under the Federal Tort Claims Act.

Plaintiff also relies upon the case of United States v. Browning, 359 F.2d 937 (10th Cir.1966). Here again a United States employee was injured in an automobile accident occurring on an Air Force base while returning home after work. The Circuit Court of Appeals affirmed the District Court's conclusion that at the time of the accident plaintiff was not engaged in the performance of her duties, and thus could recover under the Tort Claims Act.

There is some authority, however, that in cases involving a determination

---

1. 5 U.S.C. § 8102 reads in part: "The United States shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty * * *"

as to whether the plaintiff-employee was in the performance of his duty at the time of the accident, and upon a request by the government, the court must, under the Federal Employees Compensation Act, submit the question to the Secretary of Labor. Daniels-Lumley v. United States, 113 U.S.App.D.C. 162, 306 F.2d 769, 771 (1962). In *Daniels* plaintiff was employed by the Department of Agriculture and during her normal working hours left the building to mail a personal letter and slipped on the sidewalk a few feet from the entrance of the building. The District Court refused to make a finding as to whether or not the plaintiff was in the performance of her duties. Rather, that court stayed the proceedings before it, and allowed the plaintiff ten days in which to file a claim for compensation under the Federal Employees Compensation Act. It was the District Court's opinion that under the Federal Employees Compensation Act all questions concerning whether or not the claimant is covered under the Act must be submitted to the Secretary of Labor for determination which is final. Plaintiff, however, refused to present her claim administratively, maintaining that she had an action in tort. The District Court then dismissed plaintiff's suit.

On appeal, the Circuit Court upheld the District Court's determination, stating "Accordingly, unless plaintiff's injuries were clearly not compensable under the F.E.C.A., (and this is not such a case), we believe that the Secretary of Labor must be given the primary opportunity to rule on the applicability of the Act to this case."

Other courts, however, have rendered judgment where there was no substantial question of coverage; plaintiff's injuries clearly not being compensable under the Federal Employees Compensa-

tion Act. *See, e.g.,* United States v. Udy, 381 F.2d 455, 457 (10th Cir.1967). In *Udy,* the Circuit Court commented that the District Court properly determined that the employee-decedent was not in the performance of his duties at the time of the accident.

From the facts presented in this case it appears that there is no substantial question as to coverage under the Federal Employees Compensation Act and that the Court can make a determination as to the issue before it. Plaintiff was not engaged in the performance of her duties at the time of the accident. She was remote from the place of her employment. Her activity was in no way connected to the duties of her employment. The accident had no connection to the usual hazards of employment of general kitchen work. Furthermore, her presence at the place of the accident was of her own choice and was not in any way dictated by her employment.

As plaintiff was not engaged in the furtherance of duties of her employment, she has no claim under the Federal Employees Compensation Act and thereby is not barred from pursuing her claim under the Tort Claims Act.

Therefore, it is ordered:

1. That defendant's motion to dismiss is denied.

2. That defendant may have 15 days from the date of this memorandum and order to answer or otherwise plead to plaintiff's complaint.

3. That within thirty days of the date of this memorandum and order counsel for the parties meet for bona fide good faith settlement negotiations, plaintiff's counsel to report thereon to the Court forthwith subsequent to said negotiations.