Frederick GRICHENKO, Plaintiff,

v.

UNITED STATES POSTAL SERVICE; United States of America; Charles Borrmann; Anthony M. Murello; Joseph L. Moder; John P. Criado; James Fox; and Sam S. Presser, Defendants.

No. 80 Civ. 3499.

United States District Court,
E. D. New York.

Oct. 21, 1981.

Joseph A. Miller, Mineola, N. Y., for plaintiff.

E. R. Korman, U. S. Atty., E.D.N.Y. by Richard H. Dolan, Asst. U. S. Atty., Brooklyn, N. Y., for defendants.

## MEMORANDUM & ORDER

PLATT, District Judge.

### I

This case involves two claims by the plaintiff, Frederick Grichenko, for an eye injury allegedly sustained at his place of employment as a result of the negligence of the defendants and for injuries resulting from their intentional failure timely to process his claim for compensation under the Federal Employees' Compensation Act (FECA or the Act), 5 U.S.C. § 8101 *et seq.* (1976).

The action was originally commenced in December, 1980 against the United States Postal Service (Postal Service) and the United States of America (United States). Plaintiff asserted jurisdiction under 39 U.S.C. § 409 and 28 U.S.C. § 1346. These defendants moved to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. Plaintiff subsequently served an amended complaint adding the individually named defendants, Borrmann, Murello, Moder, Criado, Fox and Presser, all employees of the Postal Service. He further asserted the federal question jurisdiction of this Court based upon defendants' deprivation of his right to due process under the Fifth Amendment.

The Postal Service and United States renewed their motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. By order of this Court dated April 8, 1981, their motion was granted.

The six individually named defendants now seek to dismiss this action on those same grounds or alternatively, to be granted summary judgment. For the reasons set forth below, plaintiff's negligence claim is dismissed for lack of subject matter jurisdiction. Said defendants' motion is denied, however, as to plaintiff's three due process claims.

Frederick Grichenko is a former United States Postal Service employee. He alleges that on January 7, 1978, while working at the Hicksville Post Office Annex, an unidentified object or particle flew into his eye, causing pain and blurred vision. He claims he immediately reported the incident to his supervisors, defendants Borrman and Moder, and that they failed to advise him to file an injury claim. Grichenko washed out his eye but, without seeking medical attention, returned to work. On March 31, 1978, when his eye problem had failed to abate he consulted an opthamologist who diagnosed a detached retina. In April, 1978, Grichenko, with the assistance of defendants Presser and Criado, filed a disability claim under FECA. He was then told to wait at

home. Subsequent inquiries as to the status of his claim were to no avail. On at least one occasion Grichenko claims defendant Fox told him "we are going to fight you."

Grichenko remained home using his available sick leave and vacation time. He eventually found himself without either disability payments or salary. From July 19, 1979, until October 26, 1979, he was hospitalized for what was diagnosed as post traumatic depression related to his inability to work, his inability to see properly, and his inability to obtain a determination on his disability claim.

Subsequent to his release from the hospital in October, 1979, Grichenko communicated with the Department of Labor, Office of Workers' Compensation Programs (OWCP), to determine the status of his claim. On January 30, 1980, he was notified by the OWCP that no disability claim had ever been filed by the Postal Service regarding the January, 1978 incident. Further inquiries to defendants at the Postal Service yielded conflicting answers as to whether the claim had been forwarded by them to the OWCP.

In June, 1980, Grichenko filed a notice of claim with the Postal Service regarding this suit. Within a month, he received his first response from the OWCP denying his claim on the basis that he had not made a timely application. Despite this finding, the OWCP considered the admittedly stale claim and rejected it on the additional ground that Grichenko's evidence was insufficient to establish that the eye injury was sustained in the performance of his duties or due to conditions of his employment. This determination was reconsidered by the Department of Labor (DOL) at Grichenko's request. In October, 1980, his claim was again disallowed on the insufficiency of evidence grounds. Grichenko then proceeded with this suit.

II

Grichenko's first claim is for damages resulting from defendants' negligent failure to remove dust and particles from the air, failure to provide or require safety glasses and failure to provide adequate first aid.

■ As was noted above, this suit was originally instituted against the United States. Jurisdiction for the negligence action was arguably predicated upon the Federal Tort Claims Act. We dismissed the United States as a party because plaintiff's exclusive remedy against the United States concerning those alleged acts of negligence is the Federal Employees' Compensation Act, 5 U.S.C. § 8116 (1976). *See Gill v. United States*, 641 F.2d 195 (5th Cir. 1981); *Levine v. United States*, 478 F.Supp. 1389 (D.Mass.1979).[1] The assertion of this same claim against the individually named defendants requires an independent source of subject matter jurisdiction. It is clear that "[t]here is no general statutory jurisdiction over actions against federal officers, employees and agencies." *McQueary v. Laird*, 449 F.2d 608, 610 (10th Cir. 1971); 14 *Wright, Miller & Cooper, Federal Practice & Procedure* § 3655 (1975). Grichenko has failed to set forth, and we are unable to find any jurisdictional basis upon which plaintiff might proceed with what is essentially a common law negligence claim.[2]

1. Grichenko has sought and been denied compensation under FECA. The Act explicitly precludes judicial review of a denial of a compensation award. 5 U.S.C. § 8128 (1976). *See Waters v. United States*, 458 F.2d 20 (8th Cir. 1972); *Blanc v. United States*, 244 F.2d 708 (2d Cir.), *cert. denied*, 355 U.S. 874, 78 S.Ct. 126, 2 L.Ed.2d 79 (1957); *Pittman v. United States*, 312 F.Supp. 818 (E.D.Va.1970).

2. The fact that plaintiff has asserted a cause of action directly under the due process clause regarding his second, third and fourth claims is of no help to him as regards his negligence claim. The tortious conduct complained of here does not rise to the level of a constitutional injury, a prerequisite to a finding of a cause of action under the Constitution. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); *Johnson v. Glick*, 481 F.2d 1028 (2d Cir.); *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973).

## III

Grichenko has set forth three additional "causes of action" in his complaint, presenting a number of legal theories in support of a single claim for damages resulting from defendants' alleged failure timely to process his disability claim.[3]

Defendants contend in essence that Mr. Grichenko had an opportunity to make known to the Department of Labor any procedural irregularities in the processing of his claim, and that the DOL determination as to his disability claim is final and review beyond the jurisdiction of this Court. Alternatively, they conclude that Grichenko is required to show that he would have received a compensation award but for any procedural delays in order to prevail in this action. Since Mr. Grichenko may not relitigate the award made by the DOL, defendants assert that they are entitled to summary judgment.

The defendants are correct in their assertion that this Court cannot review the Department of Labor determination. Such review is precluded by 5 U.S.C. § 8128 (1976). They fail to recognize, however, that Grichenko's claim that he has been denied procedural due process is separate from the substantive eye injury claim and not dependent upon the outcome of the DOL decision.

Thus, the issue before us is whether Grichenko may invoke the federal question jurisdiction of this Court by asserting a *Bivens* type of action under the Due Process clause of the Fifth Amendment, and whether he has in fact stated a cause of action under the Fifth Amendment upon which relief may be granted.

In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court held that violation of the Fourth Amendment "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." *Id.* at 390, 91 S.Ct. at 2001. The Court framed the question in *Bivens* as "whether the petitioner, if he can demonstrate an injury consequent upon the violation by federal agents of his Fourth Amendment rights, is entitled to redress his injury through a particular remedial mechanism normally available in the federal courts." *Id.* at 398, 91 S.Ct. at 2005.

Despite the Fourth Amendment context of the *Bivens* decision, *Bivens* actions were not limited to violations of that Amendment. *See e. g., Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979) (Fifth Amendment); *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) (Eighth Amendment); *see generally* Note, *The Bivens Doctrine: Ten Years Down the Road*, 47 Brooklyn L.Rev. 125 (1980). *Davis v. Passman, supra*, expanded the *Bivens*-type remedy to actions brought under the Due Process clause of the Fifth Amendment. In *Davis*, a former congressional employee alleged that her employment was terminated in violation of the Equal Protection component of the Due Process clause. The Supreme Court's analysis proceeded in three parts. The Court first found that Davis had a constitutionally protected right under the Fifth Amendment to be free from gender discrimination, 442 U.S. at 235, 99 S.Ct. at 2271; it was next determined that Davis had a cause of action, that is she

---

**3.** Plaintiff's second, third and fourth "causes of action" are predicated upon his claim that the defendants "pursued a course of conduct calculated to deprive plaintiff of his rights." He alleges both intentional and negligent conduct by defendants. Defendants do not challenge the sufficiency of the complaint on the basis that merely negligent conduct may not be sufficient to support a *Bivens* type action. We note that the Supreme Court, in *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), stated that "[n]othing in the language of § 1983 or its legislative history limits the stat-

ute solely to intentional deprivations of constitutional rights." *Id.* at 534, 101 S.Ct. at 1912. This suggests that negligence may well be a sufficient basis upon which to predicate a *Bivens* type action. Nevertheless, we do not deal here with the interpretation of a statute but the requirements of showing a constitutional violation under the Fifth Amendment. Taken as a whole, the allegations in Grichenko's complaint do assert intentional interference with his rights, and thus set forth the facts he may be required to prove.

was a member of the class which could invoke the power of the federal courts to enforce the claimed right; *id.* at 243–44, 99 S.Ct. at 2275–76; and finally the Court found that damages were an appropriate and available form of relief. *Id.* at 248, 99 S.Ct. at 2278.

The analysis of *Bivens*-type actions was further refined in *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). In *Carlson*, the plaintiff asserted the federal question jurisdiction of the Court, claiming that the defendant had violated the Eighth Amendment prohibition against cruel and unusual punishment. The issue was whether the availability of a remedy under the Federal Tort Claims Act (FTCA) precluded the plaintiff from proceeding under the Eighth Amendment. The Supreme Court stated that the defendant could defeat a cause of action brought directly under the Constitution if he demonstrated either "special factors counselling hesitation in the absence of affirmative action by Congress [or] that Congress has provided an alternative remedy which it explicitly declared to be a *substitute* for recovery directly under the Constitution and viewed as equally effective." *Id.* at 18–19, 100 S.Ct. at 1472 (citing *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. at 396–97, 91 S.Ct. at 2004–05; *Davis v. Passman*, 442 U.S. at 245–47, 99 S.Ct. at 2277–78).

The Court found no special factors "counselling hesitation", stating that defendants "do not enjoy such independent status in our constitutional scheme as to suggest that judicially created remedies might be inappropriate." *Id.* at 19, 100 S.Ct. at 1472 (citing *Davis v. Passman*, 442 U.S. at 246, 99 S.Ct. at 2277).

The Court then turned to whether the Federal Tort Claims Act was the exclusive remedy available to the plaintiff. The Court found that nothing in the FTCA indicated Congress' intent "to pre-empt a *Bivens* remedy or to create an equally effective remedy for constitutional violations." *Id.* In addition, a *Bivens* action was found to be favorable to proceeding under the FTCA in that it served a deterrent purpose,

might permit the award of punitive damages, provided the option of a jury trial and was not limited to actions available under State law. *Id.* at 21–23, 100 S.Ct. at 1473–74.

Subsequent to the *Carlson* decision, the Eighth Circuit Court of Appeals, in *Bishop v. Tice*, 622 F.2d 349 (8th Cir. 1980), considered the claim of a former federal employee who alleged that he had been wrongfully dismissed from his federal employment and that three federal employees had interfered with his Fifth Amendment "right to seek administrative redress" under the Due Process clause. The Court found that civil service remedies available to Bishop constituted a "special factor counselling hesitation" and declined to find a Fifth Amendment cause of action on his substantive due process claim. *Id.* at 357. It reached the opposite conclusion however as to Bishop's procedural due process claim. The Court stated,

> The existence of civil service discharge appeal procedures is of little avail to Bishop, however, if, as he has alleged, defendants blocked his resort to them by failing to cooperate with his inquiries and by continuing their threat to lodge criminal charges .... if Bishop can prove defendants interfered with his right to procedural due process, he is entitled to the damages that actually resulted, which would include, for example, mental and emotional distress.

*Id.*

## IV

If Grichenko is to be allowed to proceed with this action, he must assert a constitutionally protected right and a cause of action for damages asserting that right. *Davis v. Passman*, 442 U.S. at 234, 99 S.Ct. at 2271; *Bishop v. Tice*, 622 F.2d at 353.

Grichenko alleges that the defendants have interfered with his right to due process by failing to process his claim under FECA. 5 U.S.C. § 8101 *et seq.* (1916).

The Federal Employees' Compensation Act is a comprehensive compensation plan, designed to provide an expeditious remedy

to injured federal employees. *United States v. Browning,* 359 F.2d 937, 939 (10th Cir. 1966); *Snapp v. Civil Service Comm'rs,* 137 F.Supp. 679, 680 (S.D.Ohio 1955). The statutory scheme is the exclusive remedy against the United States available to a federal employee injured in the course of employment. 5 U.S.C. § 8116 (1976). The statute, 5 U.S.C. § 8121–8128 (1976), and the Code of Federal Regulations, 20 C.F.R. § 10.1 *et seq.* (1981), include a comprehensive set of procedures for the filing, awarding and reviewing of claims.

Grichenko does not assert that the procedures set forth in the statutory and administrative scheme are deficient in procuring for him the full panoply of procedural rights to which the Due Process clause entitles him. Indeed, Congress and the Department of Labor have set forth an exhaustive measure of procedural protections to ensure that employees will obtain any benefits to which they may be entitled.

The Federal Employees' Compensation Act does, however, also give Grichenko a legitimate expectation that where he believes he has sustained a compensable injury his claim will be properly and timely processed under the Act. It is this interest which has allegedly been infringed by defendants and for which Grichenko seeks compensation. The defendants' assertion that the FECA precludes Grichenko's procedural due process claim is without merit. We do not find any special factors "counselling hesitation" or suggesting the inappropriateness of a *Bivens* type action. *Carlson v. Green,* 446 U.S. at 19, 100 S.Ct. 1472. In addition, while the FECA is Grichenko's exclusive remedy against the United States in seeking compensation for his eye injury, it does not provide an available, let alone substitute remedy for the constitutional violation asserted here. *Id.* at 1472.

Furthermore, as the *Carlson* Court noted, a "Bivens remedy, in addition to compensating victims, serves a deterrent purpose." 446 U.S. at 21, 100 S.Ct. at 1473. Reading Grichenko's allegations in the most favorable light to him, *see Hill v. A–T–O, Inc.,* 535 F.2d 1349, 1354 (2d Cir. 1976), the defendants have intentionally acted to deprive him of the opportunity to present a disability claim to the Department of Labor. These are facts which warrant the availability of a strong deterrent.[4]

V

Finally, the defendants disclaim liability for the injuries sustained as a result of the infringement of Grichenko's right to due process on the basis that two years later, in considering the stale claim, the Department of Labor ruled against Grichenko on the substantive issue of his eye injury. Whether Grichenko would have been able to prevail on his compensation claim had there been no interference by defendants is however irrelevant to the maintenance of this cause of action.[5] *See Carey v. Piphus,* 435 U.S. 247, 266, 98 S.Ct. 1042, 1053, 55 L.Ed.2d 252 (1978). It is the defendants' interference, not the Department of Labor decision which lies at the heart of this claim.

---

4. Section 10.23(b) of Title 20 of the Code of Federal Regulations provides an additional deterrent to the wilfull failure to process compensation claims. It reads:

    (b) Any person charged with the responsibility of making reports in connection with an injury who willfully fails, neglects, or refuses to do so; knowingly files a false report; induces, compels, or directs an injured employee to forego filing a claim; or willfully retains any notice, report, or paper required in connection with an injury, is subject to a fine of no more than $500 or imprisonment for no more than one year, or both.

20 C.F.R. § 10.23(b) (1980). This provision does not, however, provide a remedy to the injured party. A *Bivens* type of action under the Fifth Amendment is superior to this regulation in that it combines deterrent and remedial effects. *Cf. Carlson v. Green,* 446 U.S. at 21, 100 S.Ct. at 1473 (discussing superiority of deterrent effect of *Bivens* remedy over Federal Tort Claims Act remedy).

5. As we discuss below, this question is relevant to the measure of recoverable damages. *See Carey v. Piphus,* 435 U.S. 247, 260, 261 n. 16, 98 S.Ct. 1042, 1050, 1051 n. 16, 55 L.Ed.2d 252; *Bishop v. Tice,* 622 F.2d 349, 357 n. 17 (8th Cir. 1980).

In *Carey v. Piphus, supra*, the Supreme Court, in an action brought under 42 U.S.C. § 1983, considered the claims of public school students who had been suspended without the due process guaranteed them by the Fourteenth Amendment. The issue before the Court involved the measure of damages available and the proof of damages required. The Court recognized the importance of guaranteeing that procedural due process be afforded regardless of the substantive merits of the claim. *Id.* at 261–62, 98 S.Ct. at 1051.[6] The Court distinguished between injury caused by the suspensions themselves and the injury caused by the failure to afford to the students those procedures to which they were entitled. *Id.* at 260–62, 98 S.Ct. at 1050–51. In order to recover damages for injuries caused by the suspensions, the plaintiffs were required to prove that had a proper hearing been held, they would not have been suspended. Otherwise, a recovery for those damages would constitute a windfall. *Id.* at 260, 98 S.Ct. at 1050. On the other hand, plaintiffs were entitled to recover actual damages, including mental and emotional distress, caused by the denial of procedural due process "even if their suspensions were justified." *Id.* at 262–64, 98 S.Ct. at 1051–52, 1053. *See also, Bishop v. Tice,* 622 F.2d 349, 357 (8th Cir. 1980).[7]

Of course, as the Court noted, there may be some ambiguity as to whether an injury is caused by the deprivation of the substantive interest or the denial of procedural due process. And, as the Court clearly stated, any injury, including mental distress resulting solely from a justified substantive deprivation, is "not properly compensable." *Id.* at 263, 98 S.Ct. at 1052. On the other hand, the Court indicated a plaintiff should not encounter much difficulty in demonstrating that an injury, including mental distress, resulted not from the substantive loss, but from the deprivation of procedural due process itself. *Id.* at 263–64, 98 S.Ct. at 1052.

In this case, the plaintiff claims injury, including mental and emotional distress, resulting from defendants alleged interference with his right to due process. Under *Carey*, these are compensable damages despite the adverse ruling on his compensation claim given by the Department of Labor.

Without any intimations as to the merits of his case, it is also clear that if Grichenko can prove that the Department of Labor determination would have been an affirmative one absent interference by the defendants, he may be entitled to damages for that injury as well.[8] *See id.* at 260, 261 n. 16, 98 S.Ct. at 1050, 1051 n. 16; *Bishop v. Tice,* 622 F.2d 349, 357 n. 17 (8th Cir. 1980).

In view of the foregoing, defendants' motion to dismiss for lack of subject matter jurisdiction is hereby granted as to plaintiff's first cause of action. Defendants' motion is denied as to plaintiff's second, third and fourth causes of action.

SO ORDERED.

---

**6.** The Court noted that "a purpose of procedural due process is to convey to the individual a feeling that the government has dealt with him fairly, as well as to minimize the risk of mistaken deprivations of protected interests." *Carey v. Piphus,* 435 U.S. at 261–62, 98 S.Ct. at 1051.

**7.** The Supreme Court finally concluded that even absent proof of actual damages and even if the suspensions themselves were justified, plaintiffs would still be entitled to recover nominal damages not exceeding one dollar. *Carey v. Piphus,* 435 U.S. at 267, 98 S.Ct. at 1054.

**8.** This does not require a relitigation of the substantive claim presented to the DOL. Rather, plaintiff, in order to prevail on this issue must show that the procedural defects themselves prejudiced his claim. As indicated, we express no opinion as to the merits of plaintiff's claim in this or any other respect.