974 F.2d 1345
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Carlos MARTINEZ, Jimmy Galetka, Plaintiffs-Appellants,
and
Clifford Buckley, Plaintiff,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-4035.
 United States Court of Appeals, Tenth Circuit.
 Aug. 19, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellants Carlos Martinez and Jimmy Galetka appeal, pro se, from the district court's order denying their motion to set aside a judgment of dismissal.
 
 
 3
 Appellants filed this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, et seq., alleging that while working as civilian employees of the United States Department of the Air Force at Hill Air Force Base in Weber County, Utah, during February and August of 1977, they were exposed to toxic chemicals resulting in internal injuries, brain damage, pain and suffering, loss of bodily function, loss of wages and loss of earning capacity. Both sought substantial general damages.
 
 
 4
 Affidavits from an administrator employed by the United States Department of Labor disclosed that prior to filing the instant suit on April 11, 1979, appellants had filed formal complaints with the Department of Labor alleging that these same injuries were compensable under the Federal Employees Compensation Act (FECA), 5 U.S.C. § 8101, et seq.
 
 
 5
 The district court entered oral findings/conclusions in dismissing appellants' complaint. The court concluded that the exclusive remedy for work-related injuries of employees of the United States is under FECA. (R., Vol. II, p. 15). We agree.
 
 
 6
 On appeal, appellants contend that the district court failed to address the merits of their claims and failed to determine the evidence in accordance with the facts. Further, they contend that the court failed to rule because of misleading information submitted by the Defendant.
 
 
 7
 In Lockheed Aircraft Corp. v. United States, 460 U.S. 190 (1983), the Supreme Court held that Congress intended that FECA's exclusive liability provision, 5 U.S.C. § 8116(c), applied to suits under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, et seq., without distinction. In United States v. Udy, 381 F.2d 455 (10th Cir.1967), this court observed that the FECA constitutes the exclusive liability of the United States for the death (or injuries) of a federal employee sustained in the performance of his duties, and that the actions of the Secretary of Labor in administering FECA are not reviewable and are final and conclusive for all purposes, citing to 5 U.S.C. §§ 8102(a), 8116(c), and 8128(b)(1)(2). See also United States v. Browning, 359 F.2d 937, 938 (10th Cir.1966); United States v. Martinez, 334 F.2d 728, 729 (10th Cir.1964).
 
 
 8
 In Avasthi v. United States, 608 F.2d 1059, 1060 (5th Cir.1979), the court explained that when an employee of the United States is injured in the performance of a duty, the remedy provided by FECA is exclusive, similar to "... state workmen's compensation laws [designed] to provide injured employees with more immediate and less expensive relief than a common law tort action."
 
 
 9
 We AFFIRM. The mandate shall issue forthwith.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3